*May Term, 1854.*

MILES
v.
THE STATE.

---

## MILES v. THE STATE.

An information for retailing spirituous liquor did not allege the price for which the liquor was sold; but no motion was made to quash, or in arrest of judgment. *Held*, that no question upon the sufficiency of the affidavit or information was raised in the record.

Information for retailing spirituous liquor. Trial and conviction of the defendant. There was no motion for a new trial; but all the evidence was embodied in a bill of exceptions. *Held*, on appeal, that no question upon the evidence was judicially presented.

APPEAL from the *Tippecanoe* Court of Common Pleas.

STUART, J.—Information for retailing spirits to one *Dickinson*. It is contended that the same objection applies to this case as existed in *The State* v. *Lockstand*, 4 Ind. R. 554, and *The State* v. *Hurley*, id. 574.

But there is this important distinction. In those cases there was a motion to quash overruled. In this case no such motion was made. Nor was there any motion in arrest of judgment. So that no question on the sufficiency of the affidavit and information is raised in the record.

*Friday, June 9.*

May Term,
1854.

For the same reason the evidence is not presented for our consideration. A bill of exceptions purports to set out all the evidence. But there was no motion for a new trial. The opinion of the Court below was not asked on its sufficiency. All that remained for that Court was to give judgment on the verdict. There is consequently no question judicially presented in this Court on the evidence.

*Per Curiam.*—The judgment is affirmed with costs.

*W. F. Lane*, for the appellant.

*L. Reilly*, for the state.