## SUMMERHAYS *v.* KANSAS PACIFIC RAILWAY COMPANY.

MASTER AND SERVANT — *whether master is liable for negligence of servant.* An employer is not liable to one in his service for injuries occasioned by the negligent act of another in the same service, unless the latter was incompetent, unskillful or habitually careless, and he had knowledge of the fact.

Therefore, a railway company is not liable to a brakeman on one of its trains for injuries occasioned by the negligent act of the engineer in charge of the locomotive drawing the same train, there being nothing alleged as to the skill, competency or habitual negligence of the engineer.

EVIDENCE — *presumption as to competency, skill and fitness of servant; burden of proof.* In an action by an employee against a railway company to recover damages for injuries occasioned by the negligent act of another employee in the same service, a presumption will be indulged that the company exercised due care in the employment of the latter, and that he was a competent and fit person for the service assigned to him, which must be met by averment and proof.

*Error to District Court, Arapahoe County.*

Case by plaintiff in error against defendant in error, to recover for injuries received by the former while engaged in the service of the latter as a brakeman on one of its trains. The declaration alleged that the plaintiff was employed as a brakeman upon a train which was in charge of Thomas Donalson as conductor, and that, upon arriving at a station called Box-Elder, the conductor ordered that certain cars should be switched off and placed upon a side-track; that the conductor directed that such cars should not be uncoupled from the train until they had arrived at the end of the side-track; that the conductor further directed that the brakeman should give him a signal when the cars should be uncoupled, and he, the conductor, would thereupon give a signal to the engineer to put the train in motion. The averment as to the manner in which the injury was done is as follows: "Nevertheless, the said plaintiff avers that, before the said coupling-pin had been pulled out or uncoupled, as aforesaid, and before and without receiving any signal or warning to that effect, either from the said conductor or the plaintiff, or from the other said brakeman as aforesaid, and before or without giving any signal or warning itself to that effect, and without any knowledge, or negligence, or carelessness, or neglect of the said orders of said conductor, either on the part of the said plaintiff or the other said brakeman as aforesaid, the said defendant and its said engineer, as aforesaid, suddenly, prematurely, negligently, carelessly and unskillfully reversed and moved, and caused the said locomotive and other cars upon the side-track to be reversed and moved, and in such a manner as to cause the said coupling-pin to be suddenly, prematurely and violently wrenched, pulled out and uncoupled, so as thereby suddenly, negligently and unskillfully to separate the said coal-car, which had to be left, as aforesaid, on the side-track from the rest of the said cars on the side-track." Plaintiff then averred that, by reason of such movement of the cars, he was thrown

upon the draw-head of the coal-car and injured, and thereby sustained damages, etc. There was no averment in the declaration as to the competency, skill or fitness of the engineer, or that the company had any knowledge of unskillfulness, incompetency or unfitness in the engineer. The defendant demurred, and the demurrer was sustained. Thereupon plaintiff sued out this writ of error.

Mr. N. HARRISON, for plaintiff in error.

Mr. ALFRED SAYRE and Mr. CHARLES W. WRIGHT, for defendant in error.

BELFORD, J. The declaration presents the ordinary case of a co-employee suing his employer for injuries resulting to him from the negligence and unskillfulness of another employee while engaged in a common employment.

From a careful examination of the many authorities bearing on this subject, it would seem that a true statement of the rule as to the master's exemption from liability for the negligent conduct of a co-employee in the same service, would be as follows :

The employee, in entering the service of the principal, takes upon himself all such risks as fall within his contract of service, or such as the servant had reason to believe he would have to encounter in pursuit of his common employment, skillful and competent fellow-servants being provided by the master. The duty of the master to the servant is to the effect, that the servant shall be under no risks from imperfect or inadequate machinery, or other material means or appliances, or from unskillful or incompetent fellow-servants of any grade. This duty, on the part of the principal, is not discharged until there has been placed for the servant's use, perfect and adequate physical means, and for his helpmeets fit and competent fellow-servants, or due care used to that end. These being furnished, the servant takes upon himself the risk of the negligence, recklessness, or misconduct of his fellow in the use of the material and

implements.  *Lanning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521 ;
*Railroad Co.* v. *Fort*, 17 Wall. 557.   There is no averment
in the declaration that the engineer and conductor were
unfit or improper persons to manage the train, and that this
unfitness was known to the company.   The plaintiff seeks
to recover on the ground that, in this particular instance,
there was a lack of care and skill.   This clearly is not suf-
ficient to create a liability, for the employee could not but
anticipate that an occasional lack of care and skill would
occur, and indeed its omission is one of those ordinary risks
incident to all employments, and to which servants engaged
in a common work are at all times exposed.

There would be some force in the plaintiff's claim, if the
company sustained the same relation to the servant engaged
in its work that it sustains to the stranger or passenger
traveling in its cars.   The company does not occupy the
position of an insurer against the perils to which its
employees may be exposed by reason of their employment.
Its duty is discharged when competent fellow-servants are
engaged.   A single omission to exercise care by a fellow-
servant (and that in the instance complained of), cannot be
taken in an action brought by another against the company
as proof of the latter's liability.   To give the co-employee
a status in court, he must aver that the company, whose
liability he is seeking to establish, furnished incompetent
fellow-servants, or continued such men in its service after
having notice of the same.   In other words, he must bring
his case within the well-known exceptions which attach to
the general rule, and which declares the master's exemption
from liability for the negligent conduct of the co-employee
in the same service.   This the declaration fails to do.   We
take it to be the law that in a suit brought by a railroad
employee against the company for damages caused by the
alleged unskillfulness or negligence of another employee of
the same company, the defendants are entitled to the bene-
fit of the presumption that they exercised due care in the
employment of the person charged with unskillfulness or
negligence, and that they had no knowledge of the defects

of capacity or character imputed.    *Davis* v. *Railroad Company*, 20 Mich. 105.

It is insisted that, inasmuch as the brakeman was inferior in position to the conductor, or engineer, he was bound to obey their directions, and that the injury having resulted from this obedience, changes the rule, and fixes the master's liability.    From a careful examination of the declaration, we are of the opinion that the injury inflicted, arose out of the negligence of the engineer, who certainly was not of a superior grade to the brakeman, and who, in the strictest sense, must be regarded as a fellow-servant, engaged in a common employment.    We, therefore, deem it unnecessary to determine the effect of a special direction given by the conductor, or to determine whether he is of a grade superior to that of other employees, in the management of a train.

Among the ordinary duties of a brakeman is that of coupling and uncoupling the cars at the different stations, where some are attached, and others detached.    This was something, the doing of which was likely to occur every day, and at every station.    If the engineer, negligently, or prematurely backed the train, and pressed the plaintiff between two cars, this was a risk which fell within his contract of service.    I am aware that in some States — Wisconsin, Indiana, and Ohio — it was at one time held that the servant could not be presumed to contract with reference to injuries inflicted upon him by the negligence of another.    See *Chamberlain* v. *Railroad*, 11 Wis. 238 ; *Gillenwater* v. *Railroad*, 5 Ind. 239 ; *Railroad* v. *Stearns*, 20 Ohio, 415.    But the late decisions no longer adhere to that doctrine, as will be seen by examining the cases of *Mosely* v. *Chamberlain*, 18 Wis. 700 ; *Railroad* v. *Arnold*, 31 Ind. 182 ; *Railroad* v. *Devinney*, 17 Ohio St. 212.    It is, then, the settled law of this country and England, that where one servant is injured through the negligence of another engaged in the common service of one master, and the person who occasioned the injury is a servant of ordinary skill and care, no action lies against the master for injuries so received.    In view of these principles, and for the reason that the declaration fails to

disclose any knowledge on the part of the defendant, as to the incompetency of the engineer, we think the court committed no error in sustaining the demurrer. When no *scienter* of such servant's incompetency is alleged, the declaration must be held bad. 3 Ellis & Blackburn, 402.

The judgment of the district court is

*Affirmed.*