## WELLS ET AL. v. COE.

1. In the purchase of safe machinery and appliances the master is required to exercise ordinary care and diligence, such care and diligence being proportioned to the dangers of the service.
2. The master is likewise charged with the exercise of ordinary care and diligence in keeping the machinery and appliances in suitable condition for use; such care having reference, also, to the dangers of the service.
3. Agents charged with the duty of procuring machinery, or with the duty of inspecting and keeping the same in suitable repair, are not to be regarded as fellow-servants with employees laboring in the business where such machinery is used.
4. The duty of the master, however, does not amount to an absolute guaranty of perfection in the machinery or appliances. For injuries produced through latent defects in the machinery, or through defects which the requisite skill and watchfulness had failed to detect or foresee and avoid, the master is not answerable.
5. Where injury is suffered by a servant through defects in the machinery furnished, if the servant knew or had means of knowledge equal to that of his employer concerning such defects, yet continues in the service, he cannot recover, provided no inducement relating to the danger led him to remain.
6. If the plaintiff so far contributes to the injury by his own conduct as that, but for such conduct, the injury would not have been received, he cannot recover.

| | |
|---|---|
| 9 | 159 |
| 11 | 7 |
| 9 | 159 |
| 14 | 197 |
| 9 | 159 |
| 15 | 200 |
| 16 | 59 |
| 16 | 226 |
| 9 | 159 |
| 17 | 194 |
| 17 | 284 |
| 9 | 159 |
| 20 | 331 |
| 9 | 159 |
| 21 | 334 |
| 22 | 412 |
| 5a | 524 |
| 6a | 251 |
| 9 | 159 |
| 23 | 172 |
| 23 | 366 |
| 9 | 159 |
| 26 | 24 |
| 26 | 288 |
| 14a | 539 |
| 9 | 159 |
| e18a | 238 |
| 9 | 159, |
| 34 | 106 |
| 20a | 201 |
| 20a | 311 |
| 9 | 159 |
| 35 | 557 |
| 36 | 273 |
| 37 | 398 |

*Appeal from District Court, Lake County.*

THIS action was brought in the district court by appellee, under section 1031 of the General Statutes. Her husband, Robert H. Coe, was employed by appellants upon a certain mine belonging to them in Lake county. While in the discharge of his duties, Coe was struck and

killed by a bucket used to hoist earth and water, descending in the shaft wherein he was working. The proximate cause of the accident was the breaking of a brake-rod and slackness of a tight belt forming a part of the hoisting apparatus. Appellee averred, and attempted to establish, negligence on the part of defendants in the purchase or in the repairing of the machinery in question. Appellants denied such negligence on their part, and averred, and sought to prove, contributory negligence on the part of Coe. The verdict and judgment were for appellee, fixing her damages at the sum of $5,000. The remaining matters necessary to a full understanding of the opinion are stated therein.

Messrs. MARKHAM, PATTERSON and THOMAS, for appellants.

Messrs. T. A. DICKSON and L. B. WHEAT, for appellee.

HELM, J. Appellee, who was plaintiff below, bases her right to recover in this action upon the ground that the death of her husband was caused by defective machinery or appliances, in the purchase or repairing of which defendants below did not exercise the degree of care required by law. The following legal propositions relating to the subjects of negligence and contributory negligence are deemed pertinent to the case:

*First.* In the purchase of safe machinery and appliances for use in his business, the master is required to exercise ordinary care and diligence; such care and diligence having reference to the hazards of the employment, and being proportioned to the dangers of the service. If, through the want of ordinary care in this respect, unsafe or defective machinery is procured, and the servant, without fault on his part, is thereby injured, the master is liable. *Colorado Cent. R. R. v. Ogden,* 3 Colo. 499; Beach, Neg. § 123.

*Second.* The master is likewise charged with the fur-

ther duty of maintaining in suitable condition the machinery and appliances used in his business. In this regard he is also required to exercise ordinary care and diligence, and is liable for injuries, resulting from his ordinary negligence, to the servant, without fault on the latter's part; the question as to what shall constitute such ordinary care having reference likewise to the danger which the service naturally imposes upon the employee. *Hough v. Railway Co.* 100 U. S. 213; Beach, Neg. § 124.

*Third.* Agents charged with the duty of procuring safe machinery, or agents charged with the duty of inspecting and keeping machinery and appliances in suitable repair, are not to be regarded as fellow-servants with those employed to labor in the business wherein such machinery or appliances are used, or, in some cases, even with those engaged to operate the same. The master is liable for injuries resulting, without contributory negligence, to other servants, through the ordinary negligence of his employee or agent thus charged with the duty of procuring or repairing, whether such negligence be in originally failing to purchase safe machinery or appliances, or in failing to keep the same in proper condition for use. *Ford v. Fitchburg R'y Co.* 110 Mass. 241; Whart. Neg, §§ 211, 212. Also *Hough v. R'y Co. supra*, and cases cited; *Wabash R'y Co. v. McDaniels*, 107 U. S. 454; *S. C.* 2 Sup. Ct. Rep. 932; *Brann v. Chicago, R. I. & P. R. Co.* 53 Iowa, 595; *S. C.* 6 N. W. Rep. 5, and cases cited; *Chicago N. W. R'y Co. v. Swett*, 45 Ill. 197; *Shanny v. Androscoggin Mills,* 66 Me. 420.

But to the foregoing general doctrines there are some qualifications and exceptions, two of which will be mentioned: (*a*) This duty, however, on the part of the master, either in purchasing machinery and appliances, or in keeping the same in suitable condition, does not, as to the employee, amount to a warrant of perfection therein, or a guaranty of absolute safety under all circumstances

in the use thereof. Having exercised ordinary care in providing and keeping in repair the machinery used, the master's duty in the premises is discharged and his liability ended. For injuries produced through latent defects not discoverable by inspection, or by the usual and ordinary tests, or through defects which the requisite skill and watchfulness have failed to detect, or foresee and avoid, he is not answerable. See cases *supra*; *Wilson v. Denver, S. P. & P. R. Co.* 7 Colo. 104; *Toledo, P. & W. R'y Co. v. Conroy*, 68 Ill. 567; *Mad River & L. E. R. Co. v. Barber*, 5 Ohio St. 565; Whart. Neg. § 212; Beach, Neg. §§ 126, 133. (*b*) Where injury is suffered by an employee, through defects in the machinery or appliances furnished by his employer and used in the business, if the employee knew, or had means of knowledge equal to that of his employer, concerning such defects, yet continued in the latter's service, he cannot recover; provided no inducement, such as a promise to cure the defect, and thus remove the danger, led him to remain. The means of knowledge possessed by agents in cases covered by the third general rule above named are, of course, those of the principal or employer. *Hayden v. Smithville Manuf'g Co.* 29 Conn. 548, and cases; *McGlynn v. Brodie*, 31 Cal. 376, and cases cited; *Greenleaf v. Illinois Cent. R. Co.* 29 Iowa, 14; *Stone v. Oregon City Manuf'g Co.* 4 Or. 52; *Mad River & L. E. R. Co. v. Barber*, *supra*; *Wright v. New York Cent. R. Co.* 25 N. Y. 562; *Central R. R. & B. Co. v. Kenney*, 58 Ga. 485. See, also, *Davis v. Detroit & M. R. Co.* 20 Mich. 105; *Texas & P. R'y Co. v. Scott*, 64 Tex. 552; Story, Ag. § 453, *h;* Beach, Neg. § 133.

The reason for this exception is self-evident. If, with knowledge, or with means of knowledge equal to his employer's, of defects in the machinery, the servant, without remonstrance, voluntarily continues in the service, a waiver of his claim for damages is said to have taken place, or his conduct is regarded as negligence con-

tributing to the resulting injury. It is to be observed, however, that caution should be exercised in applying this rule to defenses where the employee's *equal means of knowledge* is the ground relied on. The nature of his employment, including his duties and responsibilities; the character of the machinery or appliance in question, and the acquaintance therewith he could reasonably be expected to possess; the proximity and relation of such machinery or appliance to his daily labors; the frequency of his opportunities for observation,— these and other matters, including, of course, the reasonable skill and ability which he guaranties by engaging in the service, may each or all enter into an appropriate consideration of the subject. And the conclusion reached, when this question is presented, must depend largely upon the peculiar facts and circumstances connected with each particular case.

It will be noticed that these propositions of law all recognize the doctrine of contributory negligence. This doctrine, as sanctioned in Colorado, is defined as follows: "If the plaintiff, or party injured, by the exercise of ordinary care, under the circumstances, might have avoided the consequences of the defendant's negligence, but did not, the case is one of mutual fault, and the law will neither cast all the consequences upon the defendant, nor will it attempt any apportionment thereof." *Colorado Cent. R. Co. v. Holmes*, 5 Colo. 197; Cooley, Torts, 674. Again, in *Colorado Cent. R. Co. v. Martin*, 7 Colo. 592: "One of the well-known and well-settled principles of the law upon the subject of negligence is that when the plaintiff so far contributed to the disaster by his own neglect, or want of ordinary care and caution, that but for such neglect, or want of care and caution, on his part, the misfortune would not have happened, he is not entitled to recover."

A brief examination of the record before us, in the light of these legal principles, discloses the fact that at

least one error was made by the district court which is fatal to the judgment there entered.

The following facts clearly appear in evidence, and are practically uncontradicted, viz.: Coe represented himself, and was represented by others, to be a skilled and experienced miner,—a person competent to take charge of men and sink shafts, or do anything else usual and needful in the business of mining. Relying upon his qualifications in this respect, he was selected by defendants to fill the position of "foreman and boss of workmen," and paid $4 per day. Neither of the defendants was to be regularly on the ground, and in their absence Coe had entire charge, except only as to the matter of hiring and discharging workmen, upon which subject the record is silent. His authority at the mine was plenary, save, perhaps, at such times as defendant Wells might happen to be present. The other employees, including the engineer and brakeman, were instructed to obey his orders. The working of the machinery and appliances was under his control. They were put in motion or stopped at his command, and he determined the manner in which they should be operated "as to time, speed,—anything that might occur." It was the engineer's duty to make repairs, but Coe could order them made, and the engineer was bound to obey. Coe conferred with defendant Wells as to the general plan of operation, but in the latter's absence determined when and how each particular part of the work should be performed. It was by his orders that the door placed upon the shaft for the purpose of preventing just such casualties was removed; and it was under his directions that at the time of the accident, water was being hoisted while he was in the unpartitioned and uncovered shaft, upwards of two hundred feet below the surface, engaged in "chinking out the water streak."

In view of these and other established facts, we hardly think it could be correctly said that Coe was under no obligation to examine or inspect such parts of the ap-

pliances used in hoisting as the brakes and belting; nor did he himself take such a view of his duties. It is shown by the testimony that upon entering defendants' service he made a careful examination of the machinery and appliances,— especially the brake; that he declared the brake to be the principal thing about a shaft, and asserted his determination never to go down one where he suspected any deficiency in this part of the machinery; and that he expressed himself as well satisfied with the machinery and appliances provided by defendants, specifically mentioning the brake.

In referring above to certain facts as established, we make full allowance for the probable effect upon Tyndal's testimony at the trial produced in the minds of jurors by the evidence of White and Brown. The copy of Tyndal's sworn statement before the coroner, offered in rebuttal, corroborates his testimony at the trial concerning Coe's remarks about the brake. This statement was made the day succeeding the accident, and being introduced by plaintiff, the jury probably believed its contents. But nearly all the facts now under consideration are drawn from the testimony of Wells and Kipp, as well as that of Tyndal.

From the foregoing conclusion, based upon the evidence, it follows that in one respect the charge is seriously misleading. The second, fourth and sixth instructions given on behalf of plaintiff, while stating the law correctly in a proper case, might well have led the jury to an erroneous verdict in the one at bar. By these instructions the jury were substantially informed that Coe was under no obligation to notice the machinery or appliances, or give any attention whatever to their condition and safety. The law, as we have seen, is otherwise. The servant must possess a "fair measure of skill for the service he undertakes." It is his duty to use ordinary care in informing himself of the dangers and responsibilities attending his employment, and to take

the same degree of care in avoiding accident and injury. This duty on his part is said to be correlative to the master's duty of employing a like measure of care for the servant's protection and safety. Moreover, the servant's duty in this regard, like that of his master, is a continuing one. He may not close his eyes to serious defects or weaknesses in machinery or appliances, occasioned by use, of which, considering his employment, he might reasonably take notice; and he may not forget or omit precautions which, under the circumstances, as a reasonable and prudent man, he ought continually to exercise. The failure of the servant to employ ordinary diligence and care in these respects is at his peril. If but for such want of ordinary diligence or care the injury would not have been received, he is guilty of contributory negligence, and is denied relief. For this error in the charge the judgment must be reversed.

The submission for defendants of instruction numbered 7½, if it can be considered as correctly and fully covering this subject, would not cure the error mentioned. There is no way of determining that the jury ignored the obvious and erroneous view expressed in a portion of the charge above referred to, and accepted another part thereof containing a proper statement of the law. *Clare v. People, ante,* p. 122.

But there is another proposition which may be equally decisive upon the question of reversal. The evidence above cited shows this to be a case wherein the rule concerning knowledge, or means of knowledge, of an employee as to the defects producing an accident, might, had it been properly stated to the jury, have produced a different verdict. Coe. had been on the ground, in charge of the business, for upwards of a week. He must frequently have seen all the hoisting apparatus. By his words and conduct he had shown that he considered himself capable of passing judgment upon the sufficiency of the brake; and no special training or peculiar skill,

other than that of an experienced miner, was required to know whether or not the tight belt was adequately protected from the weather, and whether or not, at any particular time, it was too slack to perform its work. If the accident was due to a latent defect in the brake-rod, not discoverable by inspection or by the usual tests, plaintiff could not recover. If it arose from visible or apparent defects in the rod or belt, or both, Coe's means of knowledge thereof, considering the nature of his employment and his avowed qualifications, might, by the jury, under proper instructions, have been found more than equal to the means of knowledge possessed by defendants; and if this were true, plaintiff could not recover. Yet the instructions for plaintiff above mentioned practically told the jury that Coe's means of knowledge concerning the defects which are said to have caused his death could not influence their verdict.

The judgment is reversed and the cause remanded.

ELBERT, J., did not participate in this decision.