## DENVER, S. P. & P. R. CO. v. DRISCOLL.

1. MASTER AND SERVANT — NEGLIGENCE.— A superintendent of the work of extending a line of railroad, who has foremen and workmen under him, whom he employs and discharges at pleasure, and who has entire control of the cars, tools, machinery and men employed, is not a fellow-servant with the workmen, so as to preclude the latter from recovering damages against the railroad company for injuries resulting from the negligence of such superintendent.

2. JUROR — CHALLENGE FOR CAUSE.—When the answers of a juror upon his *voir dire* are to the effect that, if sworn to try the cause, he would give the benefit of a doubt to the defendant if the evidence should be evenly balanced, not because the burden of proof would be upon the plaintiff, but on account of favors received from the defendant in business transactions, the plaintiff's challenge for cause is properly sustained.

3. EXAMINATION ON VOIR DIRE — COMPETENCY DOUBTFUL.—When a full examination of a juror leaves the question of his competency doubtful, a court of review will not interfere with the ruling of the trial court in sustaining a challenge for cause.

*Appeal from District Court of Lake County.*

THIS is an action for damages for personal injuries received by the appellee, Jerry Driscoll, who was plaintiff below, while in the employ of the appellant. Appellant

was extending its line of railroad, and for that purpose had placed one Manly in full charge of the track-laying. Appellee was hired by Manly, and was under his directions and control at the time of the accident. The car upon which appellee was riding at the time was a small flat-car, without brakes. To check the speed of this car in going down grade, a stick was run through a hole in the bottom of the car and pressed against one of the wheels. This arrangement appears to have answered the purposes of a brake very well, so that on the way down, just before the accident, the man applying this stick had complete control of the car until he took it off, under the instruction of the superintendent in charge, Mr. Manly. At the place of the accident the grade of the road was ninety feet to the mile; and it was made to appear in testimony that the brakeman refused to take off the brake the first time the order was given, whereupon Manly ordered him " to take off the brake, and let the car go," or " let her rip." In obedience to this last order the brake was removed, and in a very few seconds the speed of the car was beyond control, and the car ran into another car on the track below, killing one man and wounding the plaintiff and others. The trial below resulted in a verdict and judgment for appellee for $1,500. Exceptions were duly reserved at the trial, and the case brought here by appeal.

The remaining facts sufficiently appear in the opinion of the court, except the examination of the juror Altman upon his *voir dire*. Upon examination of this juror he answered, among other things, that he had some business dealings with the defendant company; that he had received some special accommodations in the way of commercial rates for traveling, and sometimes received favors in shipping goods over the road; that he expected to continue business and ship goods over the road, and that this fact might have a little influence with him, and might possibly affect his verdict. If the case

should be evenly balanced he would give the benefit of the doubt to the company. Thereupon appellee interposed a challenge for cause, which was sustained by the court and the juror excused.

Messrs. Teller & Orahood, for appellant.

Mr. Joseph C. Murphey, for appellee.

Mr. Justice Hayt delivered the opinion of the court.

1. The first assignment of error relates to the ruling of the court in sustaining appellee's challenge for cause to M. D. Altman, one of the jurors called in the case. It is contended upon the part of the appellant that, as the appellee was bound to maintain the issues in the case upon the trial by a preponderance of the evidence, the answers of the juror only amounted to a statement of that which he would be bound to do under the law, and therefore constituted no cause for challenge. We do not agree with counsel upon this proposition, as from the answers it seems that it was as a favor to the company that he would give it the benefit of a doubt under certain circumstances, and not because the burden of proof was upon the appellee. We think the answers of Mr. Altman were such as to justify the court in sustaining plaintiff's challenge to him; but aside from this, when a full examination of a juror leaves the question of his competency doubtful, we should hesitate to interfere with the ruling of the trial court thereon. *Grady v. Early*, 18 Cal. 111.

2. It is contended for appellant that the evidence was insufficient to warrant a submission of the case to the jury, and insufficient to sustain the verdict; also, that the complaint is insufficient to sustain the judgment thereon; that Manly and appellee were fellow-servants, engaged in the same line of duty or service; and that appellee cannot recover for injuries resulting from the negligence of his fellow-servant.

There is much conflict in the authorities as to who are to be held as fellow-servants engaged in the common employment, so as to preclude a recovery by one upon the negligence of the other, and it would be extremely difficult to lay down a general rule applicable to all cases; but we are of the opinion that there is sufficient alleged in the complaint and shown at the trial to warrant the jury in finding that Manly's relations to the company were such as to make it responsible for the acts of which complaint is made. He was superintendent of the work, and had two foremen and quite a number of men under him, whom he employed and discharged at his pleasure, having such authority in the premises. He had control of the cars, tools, machinery and men there employed. The car upon which appellee was riding at the time of the accident was used for hauling the iron rails, and for hauling the men to the boarding-house or camp. It is also shown that under Manly's directions the men put the tools on this car, and with Manly, and under his directions, the men got upon it to go down the track to the boarding place, about a mile distant, for the purpose of putting away the tools before quitting work for the night; that after the car was started Manly directed the man at the brake to check the car up at one point where there were some mules near the track, which order was obeyed. After passing the mules Manly then ordered that the stick or brake be taken off entirely, and that the car be let run; that this order was given the second time, when the man controlling the said brake obeyed the order, and the car was accordingly allowed to go, its speed rapidly increasing so that it was soon beyond control, and, rounding a curve, it ran with great force against a car on the track loaded with iron, injuring appellee; that said loaded car was placed upon the track by order of Manly, without the knowledge of the appellee.

The jury found that the injury was directly attributable to the negligence of Manly; and in no proper sense

of the term was he a fellow-servant with appellee. The company had placed him in charge of the work, with full discretion to control and supervise it, and he must be treated in reference to this work as its representative — as vice-principal. The company is answerable to all the under-servants for the negligences of such a representative while acting within the scope of his employment. Shear. & R. Neg. § 102; Whart. Neg. § 229. In *Railroad v. Ross*, 112 U. S. 390, it is said: "There is, in our judgment, a clear distinction to be made in their relation to their common principal between servants of a corporation exercising no supervision over others engaged with them in the same employment, and agents of the corporation clothed with the control and management of a distinct department in which their duty is entirely that of direction and superintendence. A conductor having the entire control and management of a railway train occupies a very different position from the brakemen, the porters and other subordinates employed. He is in fact, and should be treated as, the personal representative of the corporation, for whose negligence it is responsible to subordinate servants."

In Kentucky, Ohio, California and other states the distinction made in the case from which we have quoted has been recognized; and this distinction has been repeatedly pointed out by the decisions of this court, although the question here determined has not heretofore in this state been directly adjudicated. *Railroad Co. v. Stevens*, 20 Ohio, 415; *Railroad Co. v. Collins*, 2 Duv. 114; *Brown v. Sennett*, 68 Cal. 225; *Wright v. Railroad Co.* 28 Barb. 80; *Summerhays v. Railroad Co.* 2 Colo. 484; *Railroad Co. v. Ogden*, 3 Colo. 499. We shall not attempt to review the decisions to the contrary. They are carefully reviewed in the case of *Railroad Co. v. Ross*, *supra*, and declared against in the opinion in that case. We think the allegations of the complaint were sufficient, and that the evidence in support thereof was

sufficient to warrant the submission of the case to the jury.

3. It is claimed that there was no evidence to sustain the finding that appellee was engaged in the employ of appellant at the time he received the injuries.

The plaintiff testified that he was then working for the South Park Railroad Company, and several of those working with the plaintiff at the time testified that they were all, including the plaintiff, working for the South Park Company, and were paid by the South Park Company. This evidence is sufficient to support the finding, although no witness used the technical name given the defendant in its articles of incorporation. *Smith v. Cisson*, 1 Colo. 29. The judgment is affirmed.

*Affirmed.*