## DENVER, T. & G. R. Co. v. SIMPSON.

1. INJURIES TO BRAKEMAN — UNSAFE LINKS.— A brakeman who has his hand crushed while attempting to couple in the dark two cars with draw-heads at an unequal height from the track can recover for his injuries, where the company had failed to furnish suitable links for such couplings, and the conductor ordered plaintiff to take the unsuitable link with which he attempted to make the coupling.
2. EVIDENCE OF NEGLIGENCE ON PART OF RAILWAY COMPANY.— Where the petition avers that the company failed to furnish a sufficient number of safe links, and that the accident resulted from that cause, evidence that the train was not properly supplied with suitable links for the run on which the accident occurred is admissible.

*Appeal from District Court of Arapahoe County.*

THE plaintiff's cause of action as stated in his complaint, omitting the formal allegation, is as follows:

The plaintiff on the 20th day of December, 1887, in the county of El Paso, and state of Colorado, and at the time of the injuries complained of, was in the employ of the said defendant as brakeman, and was engaged at said Fanceville Junction, in said county, in coupling freight cars for the said defendant, as by the nature and terms of his employment he was required to do; and that it then and there became and was the duty of said defendant to procure good, safe and secure apparatus, links, link-pins and draw-bars to be used in coupling its said cars.

That by and through the carelessness, negligence and default of the said defendant and its servants, it failed to

furnish a sufficient number of good, safe, secure links and link-pins for coupling its cars aforesaid, and also, it provided, used, and suffered to be used, unsafe, defective and insufficient links and link-pins for coupling said cars as aforesaid, of which it had notice.

Fourth, that by the want of due care and attention to its duty in that behalf, said plaintiff on the 20th day of December, A. D. 1887, and whilst the said freight cars and appliances aforesaid were in the use and service of the said defendant, and whilst the said plaintiff was engaged in coupling the same in his capacity as aforesaid for the defendant, a link was provided by said defendant for the purpose of coupling as aforesaid, and which was being used and handled by plaintiff in his capacity as aforesaid. This link, by reason of its unsafeness, defectiveness and insecurity, failed to act and operate in the coupling of said cars, and while the plaintiff with all due care and diligence was then and there using the same for the purpose of coupling said cars for the defendant, and by reason of which and by means whereof then and there said cars came violently and forcibly into contact, while plaintiff in his capacity aforesaid was endeavoring to couple the same, by means whereof plaintiff's right hand was crushed and mangled and he was otherwise greatly bruised, hurt and wounded; by means of the premises plaintiff became sick and disordered and suffered great and intense pain, and so remained for a long space of time; and suffered the loss of the index finger from his right hand by amputation as a result of said crushing and mangling as aforesaid; and also lost the use of the middle finger of his right hand by the crushing and mangling of the flesh and bone of the same; and was then and there deprived of the use of said right hand and is now deprived of the use of the same, and that, as he is informed and believes, he will never be able to use said right hand again, to the damage of the plaintiff in the sum of $10,000.

Wherefore, plaintiff prays judgment for the sum of $10,000.

The answer of defendant admits the injury to said plaintiff as in the complaint set forth, but denies that the same is due to any default of the said defendant or its servants or agents. All other allegations of the complaint are denied. A trial was had to a jury, resulting in a verdict and judgment for plaintiff, from which judgment this appeal is prosecuted.

Messrs. WELLS, McNEAL & TAYLOR and TELLER & ORAHOOD, for appellant.

Mr. T. C. EARLY, Mr. J. B. BELFORD and Mr. J. W. MULLAHEY, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

In the court below appellee, as plaintiff, obtained judgment for the sum of $800 for bodily injuries sustained by him while in the employ of appellant in the capacity of brakeman upon its railroad. It is shown by the record that at the time of the accident appellant was operating a line of railroad in this state between the cities of Denver and Pueblo; that appellee was in its employ as brakeman on one of its freight trains running between said points; that upon the morning of the day of the accident the train upon which appellee was employed left the city of Denver going south upon schedule time; that said train was not then properly supplied with links with which to make the couplings necessary to be made upon the contemplated run; that appellee endeavored to provide the train with the requisite number of links before starting from the city of Denver, but was prevented from so doing by reason of the negligence of appellant in failing to furnish such links. About 8 o'clock upon the evening of said day, appellee, in his capacity as brakeman, was required to make a coupling at Franceville Junction upon the line of said railroad. In making that coupling appellee sustained the injury for which damages were recovered in the court below. The

facts attending the accident are practically undisputed, the witnesses introduced by the plaintiff agreeing as to all material particulars, while the only attempt made to overthrow this testimony rests upon evidence of admissions claimed to have been made by the plaintiff to other employees of the company shortly after the accident. By such evidence contributory negligence on the part of appellee was attempted to be established.

It is shown that the draw-heads of the two cars which appellee was required to couple were of unequal heights above the tracks, making the coupling somewhat difficult. The night was dark, cold and stormy, the supply of links furnished the train by the company was exhausted; none remained with which to make this coupling. In this extremity, and as the train was coming down the side-track to the cars to be joined with it, appellee was searching about the tracks to find a link with which to make this necessary coupling. At this juncture the conductor in charge of the train ordered him to take a link laying upon the ground near the side-track and make the coupling with it. The accident occurred while appellee was endeavoring to execute this command.

The link pointed out by the conductor not being a suitable one with which to make the coupling, it caused appellee's hand to be crushed between the cars. As described by the witnesses upon the stand, it was a bent link, as distinguished from a crooked link — a crooked link being one crooked in a particular way for the purpose of making couplings in cases where the draw-heads of the cars to be connected are of different elevations above the track, while a bent link is one that has become misshapen by use.

In view of the evidence, the verdict of the jury in favor of appellee cannot be disturbed. He was acting at the time under the immediate direction of his superior, the conductor, who had charge of the train and of the brakemen employed thereon, including appellee. Appellee did not discover the defect in the link in time to avoid the accident.

He could not well do so in the darkness. He was required to act promptly in making the coupling, without time for investigation or opportunity for reflection. Under the law he was only required to exercise such care as might reasonably be expected from a person of ordinary care and prudence in the situation in which plaintiff was then placed. In view of the facts, it cannot be said, as a matter of law, that he did not exercise reasonable care. On the other hand, the company is properly chargeable with negligence in failing to provide the train with a sufficient number of links in the first instance, and again in directing appellee to use the defective link. The duty of the master to supply the servant with suitable machinery and appliances for the work to be performed is universally recognized. *Denver, S. P. & P. R. R. Co. v. Driscoll*, 12 Colo. 520; *Wells v. Coe*, 9 Colo. 159; *Hough v. Railway Co.*, 100 U. S. 213.

Some of the witnesses for appellant testified that soon after the accident appellee stated that the accident was caused by his glove sticking to the link, the glove being wet at the time. Evidence was introduced, however, to show that the accident was not so caused, and that if appellee made the statements attributed to him, he was in error in so doing. It was also in evidence that the glove was not wet, and that its use under the circumstances was reasonable and proper. All these matters, together with the law in relation to unavoidable accident and contributory negligence, were fully submitted to the jury under proper instructions; the damages are not excessive, and we see no reason for disturbing the verdict. *Gilmore v. Northern P. R. R. Co.*, 1 West Coast Rep. 455; *Railroad Co. v. Doyle*, 49 Tex. 190.

In its essential features the case is entirely dissimilar from the case of *Wells v. Coe, supra*, relied upon by appellant. In that case Coe, the party injured, was " foreman and boss of the workmen." His authority at the mine was plenary, save, perhaps, at such times as Wells might happen to be present. He had charge of the workmen and

control of the machinery. By his orders the means provided to prevent just such accidents as the one causing the injury complained of, were dispensed with, thereby making the accident possible, and it was rightfully held under these circumstances that he could not recover.

It is contended that all evidence of the insufficiency of the supply of links upon the train was inadmissible under the pleadings. An examination of the complaint and answer shows that this was one of the matters directly put in issue, consequently the evidence was properly admitted. The judgment will be affirmed.

*Affirmed.*