[No. 3999.]

## THE COLORADO MILLING & ELEVATOR CO. v. MITCHELL.

1. EMPLOYERS' LIABILITY ACT—CONSTRUCTION—CONSTITUTIONALITY —DAMAGE.

In the employers' liability act, Session Laws, 1893, page 129, the word "damages" as used in the title is synonymous with "injuries," and the title sufficiently expresses the subject treated in the body of the act, so as not to be obnoxious to section 21, article 5, of the constitution. The opinion of the court of appeals in this case (12 Colo. App. 277) holding said act unconstitutional so far as it attempts to give a right of action thereunder to others than agents, servants and employees, is overruled.

2. EMPLOYERS' LIABILITY ACT—CONSTRUCTION—NOTICE.

The employers' liability act (Session Laws, 1893, p. 129) in no manner repeals, modifies or changes the provisions of the statute of 1877, nor in any manner prejudices the common law rights of employees, nor in any way interferes with the enforcement of any right except such as the statute itself creates. The notice required to be given to the employer by the act of 1893 is not necessary where an action exists either at common law or under the statute of 1877.

*Appeal from Court of Appeals.*

THIS action was brought by the appellee in the district court of Larimer county against appellant to recover damages for the death of her unmarried son, William M. Mitchell. For cause of action she in substance averred that on the 7th day of August, 1896, he was employed by appellant to assist in raising a smokestack at its mills, which it was then engaged in rebuilding, at the city of Fort Collins; which work was under the immediate supervision, direction and control of one Benjamin F. Hottel, its general manager and representative; that said Hottel, acting for and representing appellant, provided a derrick for lifting said smokestack into position, which was insufficient for that purpose; that by reason of such insufficiency, and the grossly negligent manner and method in which the same was caused to be used by said Hottel, the stack fell, striking said Mitchell and causing his death. A demurrer was interposed to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, the particular objection being that it failed to allege the giving of any notice of the time, place or cause of the injury, in compliance with section 2 of the act of 1893, generally known as the employers' liability act, Laws of 1893, p. 129; 3 Mills' Ann. Stat. § 1511b, p. 423. The demurrer was sustained and judgment entered dismissing the action. On error to the court of appeals this judgment was reversed. *Mitchell v. The Colorado Milling & Elevator Co.,* 12 Colo. App. 277. The company brings the case here on appeal.

Mr. T. J. O'DONNELL, Mr. MILTON SMITH, Mr. PLATT ROGERS and Messrs. ROBINSON & LOVE, for appellant.

Mr. FRANK J. ANNIS, Messrs. GARBUTT & GARBUTT, Mr. J. WARNER MILLS, Mr. CLINTON C. REED and Messrs. PATTON & ESTEB, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The question presented, and elaborately argued in the court of appeals, was as to whether the action comes within the provisions of the act of 1893, and therefore the service of notice as required by sec. 2 of the act was essential to its maintenance, or whether the facts alleged constitute a cause of action entitling plaintiff to a recovery under the act of 1877, unaffected by the later act. The court of appeals held that the complaint stated a complete cause of action, and a right to recover under the act of 1877, which was not controlled or affected by the act of 1893. It, however, based its conclusion mainly upon the fact that the title to the act of 1893 limited the right to maintain an action thereunder to the agents, servants and employees sustaining damages, and did not embrace within its terms any provisions affecting the cause of action, right of action, or the recovery of damages sustained by any other person; and that in so far as the act attempts to regulate, restrict, or in any manner affect actions by one who was in no capacity in the employ of defendant, it is obnoxious to sec. 21 of article 5 of the constitution, which provides that:

" No bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

If, in the title to the act, which is " An act concerning damages sustained by agents, servants and employees " the word " damages " is used in its technical sense to express simply compensation for injuries received, or the amount which the injured party is entitled to recover, the construction given to the title by the court of appeals is manifestly

correct. If, on the other hand, we give to it the meaning with which it is frequently used, and of which it is also susceptible as a law term, as expressing " the injury for which compensation is sought, " in other words, as synonymous with " injuries," the title sufficiently expresses the subject treated in the body of the act. We are inclined to accept the latter view, and for the purpose of this review, assume the act to be constitutional. If this view be adopted, and force be given to all the provisions of the act of 1893, it does not in any manner repeal, modify or change any of the provisions of the statute of 1877 ; nor does it purport to specify all the causes from which a right of action may accrue in favor of an employee against an employer. Section 1 of the act, which is the only section that undertakes to specify the causes for which an injured employee may recover, is as follows :

" Section 1. Where, after the passage of this act, personal injury is caused to an employee, who is himself in the exercise of due care and diligence at the time ;

" (1) By reason of any defect in the condition of the ways, works or machinery connected with or used in the business of the employer, which arose from or had not been discovered or remedied owing to the negligence of the employer, or of any person in the service of the employer, and entrusted by him with the duty of seeing that the ways, works and machinery were in proper condition ; or

" (2) By reason of the negligence of any person in the service of the employer, entrusted with exercising superintendence whose sole or principal duty is that of superintendence ;

" (3) By reason of the negligence of any person in the service of the employer who has the charge or control of any switch, signal, locomotive engine or train upon a railroad, the employee, or in case the injury results in death the parties entitled by law to sue and recover for such damages shall have the same right of compensation and remedy against the employer, as if the employee had not been an employee of or in the service of the employer or engaged in his or its works."

Clauses 1 and 2, which are the only provisions that can be

said to have any bearing upon the case in hand, are, so far as they go, but a legislative recognition of the principles laid down in the former decisions of this court. At the time they were enacted, it was settled law in this state that the master was bound to personally see that reasonable care was used in providing reasonably safe and proper machinery and appliances for use in his business; and to use reasonable care in maintaining the same in suitable condition; and that agents to whom he delegated the duty of procuring the machinery, and the duty of inspecting and keeping the same in suitable repair, were not regarded as fellow-servants with those employed in the business in which such machinery and appliances were used; and therefore the master was liable for injuries resulting, without contributory negligence on their part, to other servants, through the negligence or want of due care on the part of such agents in discharging their duties in these respects; and was also liable for the negligence of the person to whom he delegated the duty of superintendence. *Wells v. Coe,* 9 Colo. 159; *Colo. Midland Ry. Co. v. O'Brien,* 16 Colo. 219; *Denver, S. P. & P. R. Co. v. Driscoll,* 12 Colo. 520; *D., T. & G. R. Co. v. Simson,* 16 Colo. 55. It is obvious, therefore, that clauses 1 and 2 create no new cause of action nor deprive the employer of any defense that existed at common law, unless it may be said that clause 1 operates to exclude the defense of implied assumption of risk on the part of the employee. Clause 3 gives a right to recover compensation for the death of, or injury to, an employee, caused by the act or omission of a class of persons for whose negligence the master was not answerable at common law; and therefore creates a new right of action; or perhaps it may be more properly said, abolishes the defense that the negligence causing the injury was that of a fellow-servant. It is manifest, therefore, that the intent of the act is at most to abolish certain defenses in certain specified cases; and in such cases to impose a compensatory limitation on the right to sue; but in no manner to prejudice the common-law rights of employees, or to interfere with the

enforcement of any right that the statute itself does not create. This is the construction given by the supreme court of Massachusetts to their act of 1887, from which our act was copied; and our legislature presumably adopted the act with the construction that had been given it by the courts of that state. In *Ryalls v. Mechanics' Mills*, 150 Mass. 190, Holmes, J., after a thorough review of the English cases construing the English statute, of which the Massachusetts act is a part, said:

" But it would not need the aid of previous exposition to show that the main purpose of the statute, as the title intimates, is to extend the liability of employers in favor of employees, that it does not attempt to codify the whole law upon the subject, and that it leaves open some common-law defenses and some common-law liabilities. In view of these general considerations, we are to construe the statute liberally in favor of employees, and we ought to be slow to conclude that indirectly, and without express words to that effect, it has limited the workman's common-law rights most materially in respect to the conditions and time of bringing an action, and the amount which he can recover."

And concludes:

" We are of opinion that in those cases within the words of the Statute of 1887, c. 270, sec. 1, cl. 1, in which the common law gives an employee a remedy, he still has a right to sue under the same conditions, and to recover damages to the same extent, as if the statute had not been passed."

The negligence complained of in the case at bar was that of the defendant itself in failing to exercise due care in providing a safe and proper appliance for raising the smokestack. The complaint charges this negligence both upon the defendant company and its manager; and also charges that the manager used the appliance in a grossly negligent manner. If it may be said that under these averments, the default of the company was not the sole producing cause of the injury, but that the negligence of the manager also contributed thereto, it is immaterial, since it appears from the complaint that

VOL. XXVI—19

the manager was acting as the vice-principal of the company, and, hence, his negligence was the negligence of the company. To whichever cause the injury is attributable, under the decisions above referred to, Mitchell, had he lived, would have been entitled to maintain an action and recover therefor at common law ; and death having ensued, a complete cause of action is alleged in favor of appellee, under the statute of 1877.

Counsel for appellant concede that an employee who survives an injury can still avail himself of his common-law remedy, notwithstanding the statute of 1893 ; but contend that the same rule does not apply to one whose right of action is given by the statute of 1877. We cannot see any reason for this distinction, or perceive why the right of action created by the statute is abrogated by the subsequent act, any more than one that existed at common law, since no such intention is indicated in terms, or by implication. It is well settled that a statute providing a new remedy for an existing right does not take away a pre-existing remedy without express words or necessary implication. 23 Am. & Eng. Ency. Law, p. 393 and cases cited. The same rule of construction is applied to statutes in derogation of existing statutes as applies to those in derogation of common law, and the same presumption obtains that no change is intended, unless the later statute is clear and explicit to that effect. Sutherland on Stat. Constr. § 139. The statute of 1893, as we have before stated, does not attempt in any manner to repeal, modify or restrict any of the provisions of the statute of 1877, nor to change or abridge any right or remedy thereby given. It merely provides that the parties who were entitled by law to sue, in case the injury results in death, shall have the same right of compensation and remedy that it gives to the employee. In other words, its plain purport and intent is to extend to the parties designated in the act of 1877 the right to recover for an injury resulting in death, under the same circumstances that would have entitled the employee to maintain the action if death had not ensued. The right, therefore,

of appellee to maintain this action under the act of 1877, is not affected by the later act, and no notice was required as a condition precedent to the maintenance of the action; and the court of appeals correctly held that the district court erred in sustaining the demurrer to the complaint on the ground of failure to allege such notice. Its judgment is accordingly affirmed.

*Affirmed.*