### [No. 1811.]
### FOSTER v. THE CITY OF GREELEY.

NEGLIGENCE—PLEADING.

A complaint in an action against a city which alleges that plaintiff while employed as a day laborer by the city, in work on a trench for a drain, was injured by reason of the negligence of defendant in the construction of the trench, in consequence of which negligence the trench became a place of danger, and the ignorance of plaintiff respecting its condition, states a good cause of action, notwithstand-

ing it alleges that plaintiff was placed under the control of another employee of the city to whose orders he was subject, and fails to allege such facts as would show such employee to be a vice principal.

*Error to the District Court of Weld County.*

Messrs. THOMPSON & THOMPSON and Messrs. PATTON & ESTEB, for plaintiff in error,

Mr. C. D. TODD and Mr. H. E. CHURCHILL, for defendant in error.

THOMSON, J.

The complaint alleged that the defendant, the city of Greeley, a municipal corporation, undertook the relaying of a drain on one of its streets; that in the prosecution of the work it dug a trench along the street about three feet wide and six feet deep for the reception of the new tiling; that the plaintiff was employed in the work as a day laborer by the defendant, and was placed by the defendant under the control of one H. P. Heath, to whose orders he was subject; that the defendant excavated and constructed the trench in a careless and negligent manner, and negligently failed to provide the proper safeguards against its falling in, so that it became an unsafe place in which to work; that while it was, to the knowledge of the defendant, in such unsafe condition, the plaintiff not knowing that it was in any degree dangerous, in the course of his employment, and in obedience to the orders of Heath, went down into the trench, and, while there in the performance of his duties, and without fault or neglect on his own part, one of the walls of the trench fell in, carrying with it certain curbing on that side, striking the plaintiff with great force and violence, pinning him under the material which it brought with it, burying him beneath a great quantity of sand and clay, and inflicting upon him severe and permanent injuries.

The defendant answered that the injuries received by the plaintiff were so received in consequence of his own neg-

ligence and want of care. The plaintiff replied denying the charge of negligence made by the answer. When the jury was empaneled, the defendant objected to the introduction of any evidence by the plaintiff, on the ground that his complaint did not state a cause of action. The motion was sustained, and judgment dismissing the suit entered. The plaintiff brings error.

We are unable to see wherein the complaint fails to state a complete cause of action. The relation which Heath sustained to the city is the subject of considerable discussion by counsel, it being asserted on one side, and denied on the other, that he was the representative of the city, and that his act in ordering the plaintiff into the trench, thereby exposing him to danger, was the act of the city. There is no statement in the complaint from which it might be inferred that Heath was a vice principal, or that his relation to the plaintiff was other than that of fellow-servant. But we do not regard the question as of any importance in this case.

The city owed a duty to the plaintiff to use reasonable care to prevent him from being exposed to unnecessary hazard, and if through its negligence the trench was an unsafe place in which to work, and he went into it in ignorance of its condition, the corporation is liable for the injuries he received. *Mellors v. Shaw*, 1 Best & S. 437 ; *Paulmier v. Railroad Co.*, 34 N. J. L. 151 ; *Huddleston v. Lowell Machine Shop*, 106 Mass. 282 ; *Baxter v. Roberts*, 44 Cal. 187 ; *Colo. M. & E. Co. v. Mitchell*, 26 Colo. 284. To fasten a liability upon the defendant for the accident by which the plaintiff was injured, the complaint fulfills every requirement of the law. It alleges the negligence of the defendant in the construction of the trench, in consequence of which negligence the trench became a place of danger; the ignorance of the plaintiff respecting its condition ; and the injuries which he suffered by reason of the premises while in the performance of his duty to his employer. The case should have been tried.

The judgment is reversed.

*Reversed.*