Gunter, J.
*235 Action by the surviving wife to recover damages for death -of the husband through alleged negligence of defendant. Trial to the court. Judgment for defendant. Plaintiff appeals. .The facts are undisputed. Defendant was operating a mine. Its workings were a tunnel 700 feet in,length, and a shaft which connected with the tunnel at a depth in the shaft of 147 feet from the surface and continued below the tunnel level 30 feet; thence downward on an incline to a depth below the tunnel level 350 feet. Over the mouth of the shaft was a building containing hoisting, pumping and other machinery commonly used in mining. The shaft was partitioned, on one side being the ladder-way, and on the other the bucket-way. Two,-small wooden buildings used as bunk-houses stood at the mouth of the tunnel, one on each side thereof, the space between them being roofed, and being the entrance to the tunnel. There were no special appliances for extinguishing fire, nor was there a bulkhead ot other means specially designed for checking fires. Malcolm T. Harvey, the husband of appellant, was in the employ of' defendant as a pumpman, and at the time of the accident was at work with a fellow employee, Thomas Harvey, in the incline shaft about 250 feet below the tunnel level. Through the negligence of a fellow employee a fire started in the bunk-house and soon extended to the timbers of the tunnel, the draft carried the smoke through the tunnel and up the shaft. A fellow employee, Williams, working in the shaft about 220 feet above deceased informed the Harveys of the fire and all attempted an escape. When Williams reached the tunnel level he informed the Harveys — then some thirty feet below — that it was the bunk-house on fire, and that he was going to escape by the ladder through the shaft. Thomas Harvey said to await the bucket (with intent to escape by the bucket through the *236 shaft) and one of the Harveys rang the bell for that purpose. Williams escaped. • The bucket was lowered as promptly as possible, but not in time to assist the Harveys, they were later found dead in the tunnel.
Plaintiff contends that defendant was negligent; that such negligence was the proximate cause of the •death of her husband, and that such negligence consisted in the character and location of the bunk-house, and in the absence of a bulkhead or other means of cheeking the fire.
Defendant denies negligence and further says, that deceased had full knowledge of the conditions constituting the alleged negligence, that he was as capable of understanding them as defendant, the principal ; that he made no complaint thereof and continued to work knowing such conditions without any promise of a change therein from defendant, and thereby assumed the risk of the results of the alleged negligence of defendant. Deceased, 36 years of age, was of good intelligence, had worked around mines before his employment by defendant, and had worked as pumpman in above mine during one month next preceding the accident. He lodged in the bunk-house, knew the materials of which it was constructed, its location and its use. In. going to and from his work he traveled through the tunnel, knew its location with reference to the shaft and must have known of the draft passing through the tunnel and up the shaft. He also knew whether any appliances for checking the fire existed in and about the tunnel; the whole situation was as open to his observation as to that of the principal, and only common knowledge was required to understand it.
It is not attempted to be shown that deceased made any complaint to appellee of any danger in the situation, or that defendant made any promise to remedy the alleged defects.
*237 The Denver Tramway Co. v. Nesbit, 22 Colo. 408, 45 Pac. 405, was an action to recover damages for personal injuries caused by defendant’s alleged negligence, resulting in a verdict and judgment for plaintiff in the court below, and a reversal on appeal. the material facts were: September 24 plaintiff Nesbit was employed by the Denver Tramway Company as conductor on its street cars; October 17 he bad charge of a train consisting of motor and trail car, and was operating the same upon the line. On the third trip, while the train was in rapid motion, in •attempting to pass from the motor to the trail car be fell to the ground and the bind wheel of the train passed over bis foot and ankle causing the injury involved. the negligence charged against the company as the proximate cause of the injury was the failure to have what is termed a “life guard” or “fender” which extends around from the front to the rear, from six to nine inches outside the wheels, and so near the ground as to prevent a person’s foot from passing under and onto the track. the court in reversing said:
“There was no fender or life guard on the trailer * * * and its absence or presence was open to observation and easily discernible by the most casual inspection. Upon these conceded facts, we think it was the duty of the trial court to have withdrawn the case from the consideration of the jury and have determined, as a matter of law, that they were insufficient to show liability on the part of the company. * * * But, even conceding that the want of a life guard rendered the car defective and the company was guilty of a breach of its duty in failing to supply it and in operating the train without it, such defect was certainly obvious, and one that the appellee could not have failed to observe if be bad used bis eyesight, and one that was as open and pat *238 ent to him as to the company; and if danger was to he apprehended from the nse of a car in that condition, that result was equally apparent to him. Under these circumstances he was precluded from recovering by the well-settled rule that an employee assumes all the risks naturally and reasonably incident to the service in which he engages, and those arising from defects or imperfections in the thing about which he is employed that are open and obvious, or that'would have been known to him had he exercised ordinary diligence. By voluntarily continuing in the service with knowledge, or means of knowledge equal to his employer’s, of any defect in the appliances or the machinery used, and without objection, or promise on the part of the employer to remedy the defect, the employee assumes all the consequences that result from such defect, and waives the right to recover for injuries caused thereby.”
Wells et al. v. Coe, 9 Colo. 159, 11 Pac. 50, was an action to recover for personal injuries sustained through the alleged negligence of defendant. Coe was working in a mine and killed by a bucket used to hoist earth and water descending in the shaft wherein he was working. The proximate cause of the accident was the breaking of the brake rod and slackness of a tight belt forming a part of the hoisting apparatus. Verdict and judgment for plaintiff below. The case was reversed and in the course of the opinion the court said:
“Where injury is suffered by an employee, through defects in the machinery or appliances furnished by his employer and used in the business, if the employee knew, "or had means of knowledge equal to that of his employer, concerning such defects, yet continued in the latter’s service, he cannot recover; provided no inducement, such as a promise to cure the defect, and thus remove the danger, led him to re *239 main. The means.of knowledge possessed by agents in cases covered. by the third ■ general rule above named are, of course, those of the principal or employer. * * * The reason for this exception is self-evident. If, with knowledge, or with means of knowledge equal to his employer’s, of defects in the machinery, the servant, without remonstrance, voluntarily continues in the service, a waiver of his claim for damages is said to have taken place, or his conduct is regarded as negligence contributing to the . resulting injury. ’ ’
Applying the law so announced to the facts in this case, even should we assume that the defendant was guilty of negligence — upon which no opinion is expressed — the evidence shows that plaintiff with knowledge, or the means of knowledge equal to that of his employer concerning the alleged condition of ■his working place, undertook his work and continued the same without any complaint on his part, or any promise upon his employer’s part as to the alleged negligent condition, and thereby assumed the risk arising from the alleged negligence of the defendant. This being true, plaintiff was not entitled to recover herein, the decision of the trial court in so ruling was right and its judgment should be affirmed.

Affirmed.