Gunter, J.
• Action by widow to recover for fatal injuries sustained by husband through alleged negligence of defendant. Judgment of nonsuit; therefrom the case is here.
The evidence tended to show the following: Defendant was operating a steel plant, deceased was employed therein as one of a gang of men in hoisting red-hot steel ingots, each weighing about three thousand pounds, from the molds and loading them on a car. Tongs, similar in construction to ordinary ice tongs, but weighing about one hundred pounds, suspended by a chain from a hydraulic crane were applied to the red-hot ingot, and upon signal the ingot was lifted by the crane and deposited on the car. It was the duty of deceased to apply the tongs to the ingot, and, when raised by the crane, to aid in *200 guiding it to the car. In this instance the tongs were properly applied and upon signal from the foreman of the gang the crane, in charge of a boy, hoisted the ingot, which, after swinging around about seven feet> slipped from the tongs and fell, fatally injuring deceased. The tongs were very dull, and for this reason did not hold the ingot. In this condition they were, unsafe for use in handling the ingot. If defendant’s foreman, whose duty it was to inspect the tongs, and if found dull to send them to the shop for repair, had discharged his duty, defendant would have known that the tongs were dull and unsafe at the time deceased used them. It was not the duty of deceased to inspect the tongs, nor had he opportunity of doing so. There was no evidence that he had knowledge of their defective condition.
To súm up, the evidence tended to show that the appliance — the tongs — furnished by the master, defendant, to the servant, deceased, was out of repair in being blunt, was thereby in an unsafe condition, that defendant was charged with notice of such condition and was guilty of negligence in its existence, that such negligence was the proximate cause of the accident.
As the evidence tended to establish these conclusions it was for the jury to determine whether it was sufficient to justify them.
“Questions of negligence, as well as of contributory negligence, are generally within the province of the jury, which should not he invaded by the courts except in the clearest of cases.” — Colo. Midland Ry. Co. v. O’Brien, 16 Colo. 219, 226; Lord v. Pueblo S. & R. Co., 12 Colo. 390, 394; Tanner v. Harper, 32 Colo. 156.
These conclusions if drawn bring the case within the rule requiring the master to provide the servant with reasonably safe appliances and to use reason *201 able care to maintain them in proper repair. — Wells v. Coe, 9 Colo. 159, 160; N. Y. and C. M. S. Co. v. Rogers, 11 Colo. 6; Grant v. Varney, 21 Colo. 329; D. & R. G. R. Co. v. Sipes, 26 Colo. 17, 23; Colo. Milling & E. Co. v. Mitchell, 26 Colo. 284, 288.
Those to whom are delegated the duty of inspecting and keeping the appliances in suitable repair are not regarded as fellow servants with those employed in the business in which such appliance is being used, they, in the discharge of such duties, represent the master. — Colo. Milling & E. Co. v. Mitchell, supra; D & R. G. R. Co. v. Sipes, supra, 18, 23, 24, 27.
The tongs were an appliance furnished to the servant for the performance of his work, they were in a defective and unsafe condition. We cannot, upon the evidence now before us, declare as a,matter of law that they are such a simple appliance that the deceased was charged with notice of their condition and precluded from recovering for an injury sustained through their being out of repair. — Newbauer v. N. P. Ry. Co., 60 Minn. 130. Nor can we upon the evidence now before us declare as a matter of law that the deceased had assumed the risk, or that he w;as guilty of such contributory negligence as to defeat a recovery. We think the facts, in the absence of explanation and a fuller understanding of the situation, justified submitting the case to the jury, and that in declining to do so the lower court erred. We speak to the case as it stood at the close of the evidence for plaintiff when the motion for a nonsuit was made and sustained, we express no opinion as to what action the court should take when fully advised by the' evidence for the defendant as to the. defenses, of contributory negligence and assumption of the risk.
The petition for a rehearing questions the' correctness of the statement in the opinion that the crane lifted the ingot on the signal of the foreman of the *202 gang. While the fact is not material the statement' is correct, as appears from the testimony on cross examination of the foreman, Moriarty. The correctness of the statement in the opinion that the evidence tended to show that the tongs were properly applied to the ingot is also questioned. This statement we think abundantly justified by the testimony of witness Boughey on cross examination.
As the court made its ruling upon the assumption that the testimony was in, which the plaintiff tendered, as to the duty of the pit foreman to examine the tongs at every heat we are justified in considering that-fact as one of the facts in evidence at the time of the ruling sustaining the motion for a nonsuit. As the evidence herein in the absence of any proof in behalf of defendant tended to show that defendant was guilty of negligence, and was of sufficient weight in absence of any testimony from defendant to go to the jury, the court erred, we think, in sustaining the motion for a nonsuit.
Judgment reversed. Reversed.