# CUSTODIO COLÓN, Plff.,

## *v.*

# PONCE & GUAYAMA RAILROAD COMPANY, Dft.

San Juan, Law, No. 519.

1. The act of Congress of June 11, 1906, "Employers' liability act," is, under recent decisions by the Supreme Court, unconstitutional and void, and not in force in Porto Rico.
2. In actions between employer and employee for damages for personal injuries, the Porto Rican act of March 1, 1902, is exclusive, and §§ 1903 and 1904 of the Civil Code have no application to such cases.
3. If the injured employee does not either give written notice within thirty days or bring his suit within six months, he cannot maintain his action.
4. A verbal notice does not comply with the requirements of the Porto Rican act of March 1, 1902.

Opinion filed February 15, 1908.

*Mr. Charles M. Boerman,* attorney for the plaintiff.

*Messrs. Hartzell & Rodriguez Serra,* attorneys for the defendant.

RODEY, Judge, delivered the following opinion:

This is a straight-out action for personal injuries alleged to have been sustained by the plaintiff through the alleged negligence of a fellow servant, both being in the employ of the de-

Colón v. Ponce & Guayama R. Co.

fendant. Damages are claimed in the sum of $15,000 and costs. The issue presented is of great importance at the present time, owing to the unknown condition of the law applicable to such a case in Porto Rico. The jurisdiction of the court is unquestioned, owing to the admitted diverse citizenship of the parties, and because the amount sued for, exclusive of interest or costs, is more than $1,000. The accident or negligence which resulted in the damage to the plaintiff is alleged to have occurred on the 26th day of December, 1906. The complaint was filed on December 24th, 1907, just two days less than one year from the alleged date of the accident. The demurrer was filed on January 2, 1908. The complaint was amended on February 6, 1908, and the only change made in it is the insertion of a paragraph showing that the plaintiff, within thirty days after the date of the accident, notified the defendant company of the occurrence of the injuries received by him, etc. After the filing of this amended complaint it was agreed by counsel for both parties and the court that the demurrer should be considered as still pending against the same. It was further agreed that the demurrer should also be considered as going to every right of recovery alleged by the plaintiff, with the exception aforesaid regarding jurisdiction.

The situation is peculiar. On September 10, 1906, we filed an opinion in this court in the case of Diaz v. Fajardo Development Co. (No. 384, law docket [2 Porto Rico Fed. Rep. 152]), wherein we passed upon certain phases of the issue now before us. In that case we cited Claudio v. Cortinez, 2 Castro S. C. P. R. 506, where that court evidently held that the local employers' liability act (P. R. Rev. Stat. 1902, §§ 322–333) is an exclusive remedy against an employer in actions for personal injuries for the negligence of a fellow servant, at least,

in certain classes of cases. In that opinion we also intimated that the national employers' liability act of June 11, 1906 (34 Stat. at L. 232, chap. 3073, U. S. Comp. Stat. Supp. 1907, p. 891), was probably in force in Porto Rico, although the case we were then considering could not come within its terms, the causes out of which it arose having occurred previous to the passage of that law of Congress. After having now again given the subject consideration, we see no reason to modify any of the views as to the local law then expressed.

If the national employers' liability act were in force in Porto Rico, it would, of course, be the supreme law, as to this case; but, as is now well known, on Jan. 6, 1908, just a month or so ago, the Supreme Court of the United States, although by a divided opinion, in the Employers' Liability Cases (Howard v. Illinois C. R. Co.) [207 U. S. 463, 52 L. ed.—, 28 Sup. Ct. Rep. 141], held that act to be unconstitutional. When we heard of that decision, and before receiving the advanced copies of its text, we were inclined to believe that, because Congress does not derive its power to enact legislation affecting common carriers or others in a dependency or a territory from the commerce clause of the Constitution, but, instead, from caluse 2 of § 3 of art. 4 thereof, providing that "Congress shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States," that perhaps the court did not in its opinion go so far as to annul the act with reference to the District of Columbia and the territories, including Porto Rico; but now, after receiving and examining an advance copy of the opinion as delivered by Mr. Justice White, particularly pages 9 and 10 thereof, we are constrained to conclude that the national employers' liability act has been declared unconstitutional

III. Porto Rico—24.

and null and void in all its parts, and that it has no force anywhere in the nation. The Supreme Court appears to have arrived at this conclusion on the ground that to hold anything else would require it to write into the statute words of limitation and restriction not found in it, and that to do so would be for the court to undertake to make, by judicial construction, a law which Congress did not itself make, and which the court could not say it would be willing to make if the law was before it in such modified form. So, in obedience to this holding of the Supreme Court of the United States, as we see it, we hold here that the national employers' liability act, aforesaid, is unconstitutional, and is not now, in whole or in part, in force in Porto Rico. The President's recent message (Feb. 1st, 1908) to Congress on the subject may bring about the passage of an amended act in that regard within the lines pointed out in the court's opinion, but that can cut no figure in the rights of the parties now before us.

This leaves us to discuss the question as to the local law on the subject. On the 1st of March, 1902, the legislative assembly of Porto Rico passed, as we see it, practically simultaneously, an employers' liability act and a Civil Code. The employers' liability act appears in the compilation of the laws for that year at pages 150 to 156, inclusive, and the Code is a large body of laws, beginning at page 751 and ending at page 1183 of that same book. The employers' liability act contains twelve sections. It is new to this jurisdiction, and is complete in itself on the subject of which it treats. The Code, for the most part, is a re-enactment of the old Porto Rican Spanish Civil Code. Sections 1903 and 1904 of it are general in character, and are so worded that, in the absence of an employers' liability act, they would no doubt permit plaintiff to recover here. The

Colón v. Ponce & Guayama R. Co.

sections referred to contain no limitation as to amount of recovery nor as to the time within which suit shall be brought, or any provision as to any notice required to be given to a defendant before suit. However, after full consideration of the subject, we are constrained to again hold as we did in the Diaz Case, supra, that the local employers' liability act, as between master and servant, being, as stated, complete in itself on the subject, is an exclusive remedy in the cases to which by its terms it applies, and that it was so intended to be by the legislature. Therefore it is the only act under which recovery, if any, can be had here.

It is no part of the court's duty to comment upon laws, as to whether or not they are ill-advised or unfair; that is a matter entirely with the legislature. Section 2 of the act in question limits the damages that can be recovered by an employee against the master for the negligence of a fellow servant to the sum of $2,000; and § 6 provides:

"That no action for the recovery of damages for injury or death under the provisions of this act shall be maintained unless notice of the time, place, and cause of the injury is given to the employer within thirty days after the injury is received, or unless it is commenced within six months from the date of the injury.

"The notice required by this section shall be in writing, signed by the person injured, or by someone in his behalf; but if, from physical or mental incapacity, it is impossible for the person injured to give the notice within the time provided in said section, he may give the same within ten days after the incapacity is removed; and in case of his death without having given the notice, and without having been at any time after his injury of sufficient capacity to give the notice, the person

or persons entitled to claim compensation pursuant to the provisions of this act, or their representatives, may give such notice within thirty days after the death of such employee. But no notice given under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place, or cause of the injury; Provided, it is shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby."

It was admitted in argument that no notice in writing, as described in the foregoing sections of the statute, was in fact given the defendant, and that the allegation in the complaint refers to verbal or other like notice of some sort. Counsel for plaintiff contends, though, that such a statute should not be held to be mandatory, but that, on the contrary, it should be held to be directory merely, because, as he points out, the latter part of § 1903 of the Code aforesaid, which, as stated, is but a re-enactment of the old Spanish Code of Porto Rico, provides that "owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed, or on account of their duties;" and that, because of this, plaintiff or others, before the date of the passage of the special law in 1902, had a civil-law right of recovery, similar to common-law rights of people in England and the several states of the Union, which this new law derogates, and that, as no notice was required under the old Code, the act in question should not be held to deprive him of his cause of action for his failure to give this notice in writing.

He further contends that when a sufficient notice is given within thirty days, then plaintiff is relieved of the necessity of bringing his suit within the limit of six months because of the

use of the disjunctive "or" instead of the conjunctive "and" in the limitation part of the statute above quoted.

We are unable to ascertain whether or not what is known to the common law as the fellow-servant rule, or the nonliability of a master to a servant for the negligence of a fellow servant, obtained generally under the civil law of Porto Rico, previous to the date in 1902 of the enactment of this employers' liability act, or in Spanish days.

The complaint here states that plaintiff was injured while mounting one of defendant's cars by its being started, before he was safely aboard, by one of defendant's other servants. Under the terms of this particular act, plaintiff is given a right to recover in such case under subsec. 3 of § 1 of the act, the portion referred to stating that the person injured can recover when the accident occurs "by reason of the negligence of any person in the service of the employer, who has charge of, or physically controls, any signal, switch, locomotive, engine, car, or train in motion, etc." As can be seen, this certainly creates a right that the English and American courts have invariably held did not exist at the common law.

We have examined again the case of Denver & R. G. R. Co. v. Norgate, 6 L.R.A.(N.S.) 981, 72 C. C. A. 365, 141 Fed. 247, as well as Colorado Mill. & Elevator Co. v. Mitchell, 26 Colo. 284, 58 Pac. 28, and the citations in 34 Century Dig. § 806 from Massachusetts, and find it to have been held in several of them that a statute providing a remedy for an existing right is not to be considered as having waived such a right, unless the statute is clear and explicit to that effect; and hence it was held in several of those cases that where a common-law right existed, and the suit could be brought under it, other statutes did not apply. But, notwithstanding this, the section of the

Colón v. Ponce & Guayama R. Co.

local employers' liability act we are here discussing is so specific in its terms as to what it requires, and because, as stated, we believe the remedy is an exclusive one, we feel that it must be substantially complied with. We do not think from the statements made by counsel and the pleadings that such was done or can be done in this case.

We make this holding with extreme reluctance, but cannot avoid it. We are warned by the decision as above, of the Supreme Court of the United States in the Howard Case, that we must not make by judicial construction a law which the legislature did not make, and by the Denver & R. G. R. Co. v. Norgate Case, that "the wisdom, policy, or expediency of legislation is a matter with which the courts have nothing whatever to do. Whether or not a given law is the best that could have been enacted on the subject, whether or not it is calculated to accomplish its avowed object, whether or not it accords with what is understood to be the general policy of legislation in the particular jurisdiction,—these are questions which do not fall within the province of the courts. And hence a court exceeds its proper office and authority if it attempts, under the guise of construction, to mold the expression of the legislative will into the shape which the court thinks it ought to bear. The sole function of the judiciary is to expound and apply the law. To enact the law is the prerogative of the legislative department of government. Nor can the courts correct what they may deem excesses or omissions in legislation, or relieve against the occasionally harsh operation of statutory provisions without danger of doing more mischief than good."

The local legislature may have had an idea that the courts here indulge in too free construction of the law, for it went out of its way in § 20 of the foreword of the Civil Code of 1902,

to say: "The distinction of laws into odious or favorable, with a view of limiting or extending their provisions, shall not be made by those whose duty it is to interpret them."

So, notwithstanding that it probably leaves the plaintiff here without remedy, we are constrained to sustain the demurrer and dismiss the case; and it is so ordered.