## NEW YORK AND COLORADO M. S. & Co. v. ROGERS.

1. In the purchase of safe machinery and appliances the master is required to exercise ordinary care and diligence, such care and diligence being proportioned to the dangers of the service.

2. The declarations of an agent in charge of his principal's business, made in good faith toward his principal while acting in the line of his duty, on the ground and shortly after the accident, concerning the cause thereof, being closely connected with the principal fact, may be received in evidence as part of the *res gestæ* in the sound discretion of the court.

### *Appeal from District Court of Chaffee County.*

THIS action was brought by plaintiff, Rogers, to recover damages for physical injuries suffered while in the employ of the appellant company. Rogers, being a carpenter, was cribbing at the bottom of a shaft some fifty feet in depth. Tools and materials of various kinds for the work were lowered to him by means of a windlass and bucket. The bucket became detached from the rope to which it was fastened and fell or slid, the shaft not being exactly perpendicular, to the bottom, striking plaintiff upon the head and legs, and bruising other parts

of his body.  The injuries were severe, but in the course of three or four weeks he recovered sufficiently to do light work.  The cause was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $300. From that judgment the present appeal is taken.  The remaining facts sufficiently appear in the opinion.

Mr. M. B. CARPENTER, for appellant.

No appearance for appellee.

HELM, J.  The ground of recovery upon which plaintiff below relied was negligence on the part of defendant in not furnishing and maintaining safe machinery or appliances for the work in which he was engaged.  The rule upon this subject is familiar.  It will be found sufficiently stated in *Wells v. Coe*, 9 Colo. 159.

As to the defective condition of the appliance in use, and the negligence of defendant in connection therewith, the evidence is conflicting.  The witnesses upon this question offered by the respective parties are about equal in number, and where conflicts occur the jury undoubtedly accepted the testimony of those produced by plaintiff.  Such election of the •jury will not be questioned by us.

Bearing this in mind, we turn to the testimony, and find that the bucket supplied was large, being the half of a barrel which had been sawed in two in the middle; that it was detached from the rope when hoisted, and re-attached upon lowering; that about eight feet of the lower end of the rope in use had been wet, and was frozen stiff, so that it could with great difficulty be fastened to the bail of the bucket; that this rope was adjusted at the time of the accident in the usual manner, that is, in the way the men were in the habit of making the fastening.  There is conflict as to whether a " pin " was furnished, and as to whether the frozen rope could have been passed through the loop in the bail so as to use a

pin, had there been one; also as to whether specific orders were given concerning the mannner of fastening the rope to the bail. It appears that the foreman had previously given instructions to have the frozen part of the rope cut off, and apparatus substituted so as to make the connection more secure; likewise that, immediately after the accident, this was done by making a knot, the frozen end being removed, and the foreman remarking that "in the morning he would have it fixed safe." Within thirty-six hours a chain with an open link and proper accessories were furnished and in use. We think the jury were justified in finding the appliance in question unsafe; also that defendant had knowledge of its condition at least two weeks before the accident. We cannot say that the jury should have charged plaintiff with contributory negligence. This question was fairly submitted to them, and we must presume that they considered it. Therefore, unless error was committed in receiving evidence or in charging the jury, the judgment should not be disturbed.

But it is argued by counsel for appellant that there was error in admitting proof of the foreman's declaration as to the unsafe condition of the connecting appliance furnished. No doubt exists about the making of the statement, for the foreman admits it. Counsel's position is that, being made after the injury, it should have been regarded as hearsay and rejected. According to the testimony of one witness, the declaration was made about thirty minutes after plaintiff was hurt; another witness declares that it was made "just after the accident," but admits on cross-examination that it might have been "half an hour after;" while the foreman himself, who was defendant's witness, says it was "immediately after the accident." The foreman was defendant's agent in charge of the mine, and was upon the ground when plaintiff was injured. He proceeded at once to the shaft, and directed the employees to fix the

appliance in question.  His remark was called forth by the accident, and was uttered while giving instructions with reference to that which plaintiff claims was its cause.  His good faith towards defendant, and devotion to its interests, are unquestioned.  His purpose in the changes ordered was undoubtedly to remove danger and prevent repetitions of similar injuries in the future.  He was acting directly in the line of his duty, and for the time being stood in the shoes of his principal.  The main facts under investigation by the jury upon the trial were the accident and its cause.  The declaration in question was not an idle statement, wholly disconnected from the principal fact.  It tended to throw light upon the circumstances attending the injury, including the cause thereof, and to illustrate its character.  We shall hold that there was no abuse of the " sound discretion " lodged with the court in admitting it as part of the *res gestæ.*

It is not necessary to discuss the specific assignments of error relating to the charge.  Each of defendant's instructions refused was defective in one or more important particulars, and should not have been given.  Considered as a whole, the charge is not obnoxious to the objections urged in argument.  The judgment is affirmed.

*Affirmed.*