EDITH G. POWELL, *p. a.*, *vs.* JEREMIAH F. GALLIVAN *et al.*

DECEMBER 1, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Evidence. Res gestœ.*

A statement made by a child two and a half years of age immediately after the happening, that defendant's dog had bitten her, the statement appearing to have been spontaneous and not premeditated, was admissible as a part of the transaction.

(2) *Evidence. Res gestœ. Evidence of Child.*

The fact that a child is too young to be a competent witness, does not preclude the admission in evidence of its declarations as part of the *res gestœ.*

(3) *Exceptions.*

An exception cannot be sustained where no objection was made to the question and no motion was made to strike out the answer and it does not appear from the record whether the exception was to the question or answer.

(4) *New Trial.*

All grounds contained in the motion for new trial should be considered by the trial justice, but where the appellate court does not have the benefit of the opinion of the trial court on the ground of liability, the fact that he approved the amount of damages awarded by the verdict warrants the inference that he approved the verdict on the ground of liability.

TRESPASS ON THE CASE. Heard on exceptions of defendant and overruled.

SWEENEY, J. This action of trespass on the case is brought to recover damages for injuries sustained by the plaintiff on account of being bitten by a dog. The defendants are husband and wife and at the close of the testimony a verdict was directed for the wife. The question of the liability of the husband was submitted to the jury and a verdict was returned against him. A motion for a new trial was then made and after the motion was denied he brought the case to this court upon his bill of exceptions.

The testimony shows that August 15, 1919, the defendant and his wife owned a two-family house in the city of Providence and occupied the lower tenement thereof, and that the plaintiff, then about two and one-half years old, was living with her parents in the upper tenement of said house.

It appeared in evidence that the defendant owned a dog called "Joe" and that the plaintiff could talk, and the defendant's daughter testified that she had seen the plaintiff play with the dog and had heard her call it "Joe."

The plaintiff's mother testified that late in the afternoon of August 15, 1919, she put the plaintiff in the yard to play, that the gate opening into the street was hooked, and that she did not then see the defendant's dog. She then returned upstairs and during the next half hour frequently looked through an open window to see her child, and saw her digging with a spoon under a grapevine. She also testified that the last time she looked through the window she saw the defendant's dog in the yard, near the door, and about five or six steps from the grapevine. About five minutes thereafter she heard the dog growl and the child scream and she ran down the stairs and found the child on the walk, almost in front of the steps, with blood on her face and screaming. She immediately picked up the child and brought her upstairs and treated her. She further testified that as she reached the place where the child was she saw the defendant's dog about two steps from the child and it ran around the corner towards the backyard. She also testified that when she picked up the child it immediately said to her, "Naughty—Mamma—Joe, he knocked me down, he bit me here and here and here."

The defendant objected to the admission of the statement of the child in evidence and now claims that it was error to permit the witness to testify to the statement upon the ground that it was not a part of the *res gestæ*.

The statement of the child was made so quickly after the attack upon her that it is in the limit of time within which statements must be made to be admissible as part of the *res gestæ*. The statement related to the cause of the injuries from which she was suffering; it appears to be spontaneous and not premeditated; and it was made so promptly and naturally after the attack upon her that it belonged to and was a part of the transaction, and was therefore ad-

missible as a part of the transaction. *State* v. *Murphy*, 16 R. I. 528.

The defendant also claims that inasmuch as the child was not of sufficient age to be sworn as a witness her statement was not admissible in evidence as a part of the *res gestœ*. This claim cannot be allowed for the law is well settled that when statements made by a child form part of the *res gestœ* their admissibility is allowed on the ground that they derive their force from the circumstances under which they (2) were uttered and do not rest upon the credit of the maker; and that *res gestœ* evidence is not the witness speaking, but the transaction voicing itself. *Kenney* v. *Texas*, 65 L. R. A. 316, and note p. 318.

It has been held that the fact that a child is too young to be a competent witness because of inability to comprehend the obligation of an oath does not preclude the admission in evidence of its declarations as part of the *res gestœ*. *State* v. *Lasecki* and note, 57 L. R. A. (N. S.) 202.

The defendant claims an exception to the admission of testimony showing that he muzzled the dog after its attack upon the plaintiff. The plaintiff's father had testified that a sign, "Beware of the dog," was put on the fence or in the yard three days before his child was bitten. He was then asked, in direct examination, "Q. And do you know whether or not the dog was muzzled sometime—about the same time the sign was put up there? A. He was. The Court. We are in the same position as to time, exactly,—if it is not connected up. Defendant's exception noted." This exception cannot be sustained. No objection was made to the question and no motion was made to strike out the answer. It does not appear from the record whether the exception is (3) to the question or to the answer. The inference from the testimony is that the muzzle was placed upon the dog before the child was bitten and, this being so, the answer should stand. But, as the witness testified in cross-examination that the muzzle was placed on the dog the day after the attack, the defendant then should have made a motion to

strike out the testimony on direct examination relating to the muzzling of the dog if he wished to bring before this court his objection to the admission of such testimony. *State* v. *Pesce,* 112 Atl. Rep. 899.

The defendant has an exception to the decision of the trial justice denying his motion for a new trial. The motion alleged that the verdict was contrary to the evidence and the weight thereof, and that the damages awarded were excessive. The trial justice in denying this motion filed a rescript in which he said, "No ground other than that the verdict was excessive was considered by the Court." After a discussion of the testimony relating to the injuries, he said, "the verdict is not excessive. Motion for a new trial denied and dismissed."

The statute provides, among other things, that motions for a new trial shall be heard and decided by the justice who presided at the trial, Section 16, Chapter 298, General Laws, 1909, as amended by Chapter 436, Public Laws, 1909. The duty of the trial justice in hearing and deciding a motion for a new trial, and the force and effect which will be given by this court to his decision on such a motion, has been clearly stated in the cases of *Surmeian* v. *Simons,* 42 R. I. 334, 337, and *Bova* v. *Scorpio,* 43 R. I. 98.

Both parties to the cause are entitled to have the opinion of the trial justice upon all of the grounds contained in the motion for a new trial and this court should also have the benefit of the opinion of such justice in the event that the cause is brought here on exceptions.

The defendant now claims that this court should hear and determine his claim that the verdict is against the weight of the evidence inasmuch as the trial justice made no decision thereon. The rule of law, applying in these circumstances and which controlled the granting of petitions for new trials prior to the establishment of the Superior Court in 1905, is that where the evidence as to the existence of the facts which are put in issue is conflicting and is of such a character that fair-minded men might honestly differ as to the result thereof

the verdict of the jury is final and conclusive; and under the decision of our court in the case of *Johnson* v. *Blanchard,* 5 R. I. 24, (which has been repeatedly reaffirmed) a verdict cannot be set aside unless the evidence "very strongly preponderates against it." *Hehir* v. *R. I. Co.,* 26 R. I. 30; *Buttera* v. *R. I. Co.,* 110 Atl. Rep. 71.

The testimony in this case is conflicting on the essential element of whether the defendant knew that the dog was vicious. The testimony for the plaintiff is to the effect that the dog had attacked five different persons and that each of these attacks was called to the attention of the defendant, and the defendant denies that complaints were made to him of attacks by the dog or that he knew the dog was vicious, and he introduced testimony tending to show that his dog was of a peaceful disposition. The plaintiff's father and another person testified as to a conversation with the defendant in which he admitted knowledge of the dog's previous attack upon the plaintiff, and the defendant denied making any such admission. Apart from the statement of the child that the dog made the attack upon her, the evidence as to the attack was circumstantial, but there was no testimony to show any other cause of the wounds on her face. There is no testimony of any other dog having been seen in the yard about the time the plaintiff received her injuries, and the physician who treated her that night testified that her wounds were such as could be made by the bite of a dog. On this conflicting evidence the defendant's motion to direct a verdict in his behalf was properly denied.

The trial justice charged the jury that in order for the plaintiff to recover she must show by a preponderance of the evidence that the defendant knowingly kept a vicious dog and that the dog did actually attack her, and if the jury were not satisfied that the defendant had such knowledge and that the dog did attack the plaintiff then their verdict must be for the defendant. No exception was taken to the charge and the law of the case being as thus stated the approval by the trial justice of the amount of damages

awarded by the verdict warrants the inference that he approved the verdict on the ground of liability. The plaintiff has introduced positive and substantial testimony tending to prove all of the necessary elements in her case. The defendant has introduced testimony to the effect that the dog was a gentle one and that he did not know of its having any vicious propensities. The court has carefully considered all of the testimony and, as it cannot say that the testimony for the defendant "very strongly preponderates" against the verdict, the exception that the verdict is against the weight of the evidence is overruled. The other exceptions of the defendant were not briefed nor argued and are considered waived.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.

*John L. Curran,* for plaintiff.
*William S. Flynn, Edmund W. Flynn,* for defendant