## No. 26155

**The People of the State of Colorado v. Jonathan Thornton**
(529 P.2d 628)

Decided December 23, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was convicted of second-degree forgery, a class 4 felony, in violation of 1971 Perm. Supp., C.R.S. 1963, 40-5-103. He was sentenced to the state penitentiary for a term of five to nine years, from which he appeals pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-509.

At the time of sentencing, on June 11, 1973, the penalty for a class 4 felony was not less than one nor more than ten years as provided in 1971 Perm. Supp., C.R.S. 1963, 40-1-105.

Colo. Sess. Laws 1973, ch. 145, 39-11-101(1)(b) at 503, and 39-11-304(2) at 504, were enacted effective July 6, 1973, and provide for the imposition of indeterminate sentences for class 4 and class 5 felonies.

It is the appellant's contention that the sentence of five to nine years imposed by the court under the circumstances of his case was unduly harsh and excessive, particularly in view of sections 39-11-101(1)(b) and 39-11-304(2), which became effective less than one month after his sentence was imposed.

We need not consider the alleged severity of the sentence in view of our recent decision in *People v. Thomas,* 185 Colo. 395, 525 P.2d 1136. In *People v. Thomas* we held that a defendant is entitled to the benefits of amendatory legislation which mitigates penalties for crimes, when relief is sought before finality has attached to the judgment of conviction. *See People v. Herrera,* 183 Colo. 155, 516 P.2d 626.

Although the procedure followed in *People v. Thomas, supra,* was by way of post-conviction relief under 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f), there is no valid reason not to grant similar relief under the *Thomas* rule, where, as here, the application for relief is sought by direct appeal under section 40-1-509.

The People's contention that relief cannot be granted under section 40-1-509 because of alleged constitutional infirmities has been disposed of by our recent decision in *People v. Carter,* 186 Colo. 391, 527 P.2d 875, wherein we held section 40-1-509 to be constitutional.

We hold that appellant is entitled to the benefits of the indeterminate sentencing provisions of sections 39-11-101(1)(b) and 39-11-304(2).

The cause is remanded with directions to vacate the sentence and to re-sentence appellant.