MR. JUSTICE LEE
delivered the opinion of the Court.
*205 Appellant was convicted in district court criminal action No. X-9676 of reckless manslaughter in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-104(l)(a). Appellant was also convicted in criminal action No. X-9772 of vehicular homicide in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-106. The two cases were consolidated for sentencing purposes, and appellant was sentenced to a term of nine to ten years in the state penitentiary on the reckless manslaughter charge and to a concurrent term of four to five years on the vehicular homicide charge.
Appellant seeks relief from his sentences pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-509.
The reckless manslaughter charge arose out of a shooting which occurred on February 2, 1973. The vehicular homicide charge arose out of an accident occurring on May 12, 1973. Pleas of guilty were entered in both cases on October 1, 1973, and the concurrent sentences were imposed on October 30, 1973.
Colo. Sess. Laws 1973, ch. 145, 39-1 l-101(l)(b) at 503, and 39-11-304(2) at 504, were enacted effective July 6, 1973, and provide for the imposition of indeterminate sentences in class 4 and class 5 felonies.
In People v. Thornton, 187 Colo. 202, 529 P.2d 628, it was held that a defendant who was sentenced to a term with a fixed minimum and fixed maximum for conviction of a class 4 felony, under similar circumstances, was entitled under section 40-1-509 to the benefits of sections 39-11-101(1)(b) and 39-11-304(2). That decision is controlling here and appellant is entitled to be re-sentenced.
In view of this determination, we find it unnecessary to discuss the other contentions advanced by appellant for granting the relief here sought.
The consolidated causes are remanded with directions to vacate the sentences heretofore imposed and to resentence appellant.