## No. 26256

### The People of the State of Colorado v. George R. Marlott

(552 P.2d 491)

Decided July 26, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, John R. Rodman, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Edward L. Kirkwood, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant was convicted after trial to a jury of assault with intent to commit robbery.[1] He was sentenced to a term in the penitentiary in accordance with the provisions of the statute in effect at the time of the offense. We affirm the judgment of the trial court.

The prosecution's case consisted chiefly of the testimony of the victim, a taxicab driver. He testified that an individual whom he identified as the defendant entered his cab and at gunpoint demanded the fare money which was contained in a locked box attached to the dashboard of the cab. The defendant ordered the victim to get a jack from the trunk of the cab and pry the money box off of its mountings. When the jack failed to free the box, the defendant attempted to open the box by firing at it with his gun, but this also was unsuccessful. When the opportunity presented itself, the victim jumped out of the cab "and took off down the alley." He called the police, who soon found the cab abandoned with the money box pried open. About $20 had been taken. The defendant did not testify and he did not present any evidence in his behalf.

I.

Defendant argues that the evidence was insufficient to convict him of an assault with intent to commit robbery because an assault as defined in the statute required that there be an unlawful *attempt* coupled with a present ability to commit violent injury on the person of another.[2] He contends that the evidence never showed that he actually *attempted* to shoot the taxi driver.

This court has addressed a similar argument in *Johnson v. People*, 174 Colo. 413, 484 P.2d 110 (1971), in which we upheld the conviction of a defendant for assault with a deadly weapon when the evidence showed that the defendant forced a woman at knifepoint to accompany him to his apartment and threatened to kill her if she did not comply with his demands. We rejected the argument that such a threat at knifepoint did not constitute an attempt to injure another. We held in *Johnson*, and restate here, that an attempt only requires some overt act beyond mere preparation and that it need not be the last proximate act necessary to consummate a battery.

Here, the evidence is that this defendant used a loaded gun pointed at the victim for the obvious purpose of forcing him to hand over the fare money and to pry the money box from its mounting. The victim may well have been shot but for his compliance with defendant's orders and his flight from the cab. This constitutes an assault upon this victim

[1] C.R.S. 1963, 40-2-34. The alleged offense occurred prior to the effective date of the Colorado Criminal Code which repealed the foregoing section and substantially altered the assault statute. *See* 1971 Perm. Supp., C.R.S. 1963, 40-3-201 to 40-3-208; now sections 18-3-201 to 18-3-208, C.R.S. 1973.

[2] C.R.S. 1963, 40-2-33.

even though these overt acts of the defendant did not include the actual infliction of injury.

## II.

Defendant also contends that a new trial should be granted because the trial court did not admit into evidence an offense report which supposedly contained prior inconsistent statements of the taxi driver.

The trial court refused to admit the offense report because defense counsel never established a foundation which showed that the inconsistencies in the report were attributable to the victim instead of the reporting police officer. The victim denied having made the inconsistent statements to the police officer and testified that he informed the officer of the inaccuracies when he signed the report. The reporting police officer did not testify. Under similar circumstances where the source of the statements in an offense report was not readily apparent, we have held that such a refusal to admit the report was proper. *See People v. Lopez*, 182 Colo. 152, 511 P.2d 889 (1973). In any event, the information and the discrepancies in the report were fully before the jury as a result of defense counsel's extensive cross-examination of the victim concerning the report.

## III.

Defendant also contends that the trial court erred by refusing to explicitly instruct the jury that:
"The burden never shifts throughout the trial and the law does not require a defendant to prove his innocence or to produce any evidence."
He maintains that such an instruction was necessary to prevent the jury from drawing any adverse inferences from his failure to present any evidence in his behalf.

On many occasions, this court has held that the sufficiency of instructions must be evaluated in the context of the instructions as a whole, and that it is not error to refuse to give a tendered instruction covering the same matter adequately covered in other instructions. *See, e.g., People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974); *People v. McNulty*, 184 Colo. 274, 519 P.2d 1195 (1974).

In this case, on the matter of burden of proof, the trial judge instructed the jury to the effect that the burden of proof is solely upon the People to prove all elements of the crime charged beyond a reasonable doubt; that the mere filing of charges against the defendant did not in itself constitute evidence of the guilt of the defendant; that the "presumption of innocence remained with the defendant throughout the trial"; and that the mere number of witnesses appearing for or against a certain proposition did not in itself prove or disprove that proposition. Therefore, as the People aptly stated in their brief, defendant's contention that the jury was not adequately informed that he had no burden to produce evidence to prove his innocence pales on close scrutiny of the record.

## IV.

Pursuant to sections 18-1-103(2) and 18-1-410(1)(f), C.R.S. 1973, the defendant requests this court[3] to change his sentence to the indeterminate sentence which would have been imposed had he been charged under the comparable assault statute presently in force.

The offense which defendant was accused of committing occurred prior to the adoption of the new Criminal Code (effective July 1, 1972) and also prior to the enactment of the indeterminate sentencing provisions[4] for certain classes of felonies (effective July 1, 1973). The new Criminal Code substantially redefined the crime of assault and accordingly, repealed the statute which was in effect at the time of the assault in this case. Because he never injured the taxi driver, defendant claims that under the new code, he could at most have been charged with criminal menacing,[5] a class five felony which carries an indeterminate penalty of up to five years. He therefore suggests that he should be given the benefit of the less stringent sentencing provisions now applicable to his offense.

This court has previously held that a defendant whose conviction has not become final is entitled under section 18-1-410(1)(f), C.R.S. 1973 to the benefits of amendatory legislation mitigating the penalty for the *same* crime. *See, e.g., Shook v. District Court*, 188 Colo. 76, 533 P.2d 41 (1975); *McClure v. District Court*, 187 Colo. 359, 532 P.2d 340 (1975); and *People v. Thomas*, 185 Colo. 395, 525 P.2d 1136 (1974). In such a case, the change in legal standards of punishment can be readily perceived for purposes of modifying the earlier sentence.

However, where, as here, the new Criminal Code changes the elements of the crimes,[6] there can be no measure by which to determine whether the standards of punishment have increased or decreased because the crimes are no longer the same. It was clearly not the legislative intent behind section 18-1-410(1)(f), C.R.S. 1973 to permit the modification of sentences where the earlier crimes have been subsequently repealed and substantially new crimes have been enacted in their place. Were it otherwise, this court could only speculate as to the new crimes which defendant may have been charged with and convicted of in order to determine if his sentence should be reduced. We also note under the evidence here, that

---

[3]Defendant requested the trial court, at the time of his sentencing, to adjust his sentence according to the provisions of the new Criminal Code. However, he never raised the issue formally in a motion for post conviction relief to the trial court. We do not agree with the People that the defendant cannot present the issue on appeal without such a motion for post conviction relief. We have previously held such a motion is unnecessary. *See People v. Thornton*, 187 Colo. 202, 529 P.2d 628 (1974).

[4]Section 16-11-304(2)(a), C.R.S. 1973.

[5]Section 18-3-206, C.R.S. 1973.

[6]For instance, the crime of menacing does not require proof of the intent to rob.

under the current Criminal Code, this defendant could have been charged with more serious crimes involving greater punishment than he received in this case.

    Because section 18-1-410(1)(f), C.R.S. 1973 is inapplicable, section 18-1-103(2), C.R.S. 1973 requires that defendant be sentenced under the criminal statute in effect at the time of the commission of his crime. He was therefore properly sentenced.

    We find defendant's other assignments of error to be without merit and requiring no discussion.

    Judgment affirmed.

    MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.