## No. 79SC391

### Ronald H. Lancaster v. The People of the State of Colorado

(615 P.2d 720)

Decided August 25, 1980.

J. Gregory Walta, State Public Defender, Lee Belstock, Special Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Kathleen M. Bowers, Assistant Attorney General, for respondent.

*En Banc.*

JUSTICE QUINN delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *People v. Lancaster,* 43 Colo. App. 328, 605 P.2d 67 (1979), affirming the petitioner's conviction for sexual assault on a child, section 18-3-405, C.R.S. 1973 (1978 Repl. Vol. 8). We affirm the judgment of the court of

appeals.

The charge in this case arose out of an incident occurring on September 3, 1977, and involving the petitioner-defendant (defendant), a victim who was not quite three years old, and the victim's seven-year-old brother. The evidence at the trial established that the defendant, who was an adult-friend of the victim's mother, asked the mother's permission to take the children to the grocery store. The mother consented and the defendant left with the children at approximately 7:15 p.m. He took the children to his apartment in a rooming house and told the seven year old boy to play outside. The defendant then accompanied the infant girl to his room.

At approximately 7:30 p.m. the defendant's landlady noticed the boy playing on the porch of the house. She went to the defendant's room and knocked on the door. After a delay the defendant opened the door and the landlady observed the young girl on the defendant's bed. She was unclothed from the waist down but appeared unharmed. The defendant told the landlady that the girl was in his room because she had to go to the bathroom, which was located across the hall from the defendant's room. The landlady called the police and the defendant left the premises.

Upon their arrival the police found the child on the bed wearing a white blouse, shoes and socks. They took the child and her brother to their mother's home, arriving there about 7:45 p.m. Shortly after arriving home the girl said to her mother, "Ron hurt my pee-pee, Momma." The girl was taken to a hospital for examination and a hair was removed from her vaginal area. According to expert testimony elicited at trial, this hair matched, within a high degree of probability, pubic hairs taken from the defendant.

Upon his arrest the defendant waived his *Miranda* rights and, upon being told by the interrogating officer what the girl said to her mother, he responded that "she is only a baby and if . . . she said it, she was probably telling the truth." This testimony was admitted at trial without objection by the defendant and its admission is not questioned on this appeal.

The defendant contests two rulings made by the court during the trial. The court permitted the victim's mother to testify, over the defendant's hearsay objection, to the statement made to her by her young daughter after she was brought home by the police. The basis of the court's ruling was that the girl's statement was within the *res gestae* exception to hearsay. Also, the court determined that the victim's seven-year-old brother was competent, and permitted the boy to testify about the defendant instructing him to play outside while his young sister was taken into the apartment.

## I. THE RES GESTAE EXCEPTION

The defendant claims that the *res gestae* exception was improperly invoked in this case for three reasons: (1) the declarant's age of 2 years, 10 months, rendered her incompetent as a witness under section 13-90-106, C.R.S. 1973; (2) the one-half-hour interval between the act and the

hearsay assertion defeated the spontaneity requirement of the exception; and (3) the application of the exception in this case violated the defendant's constitutional right of confrontation, *U.S. Const.* Amend. VI; *Colo. Const.* Art. II, Sec. 16.

## A.

■ The *res gestae* or excited utterance exception applies to statements relating to a startling act or event made spontaneously and without reflection while the declarant was under the stress of excitement, and offered to prove the truth of the matter asserted.[1] *E.g., Dolan v. People,* 168 Colo. 19, 449 P.2d 828 (1969); *Fitzpatrick v. People,* 159 Colo. 485, 412 P.2d 893 (1966); *Abeyta v. Denver,* 132 Colo. 472, 289 P.2d 918 (1955); *Martinez v. People,* 55 Colo. 51, 132 P. 64 (1913); *Denver City Tramway Co. v. Brumley,* 51 Colo. 251, 116 P. 1051 (1911); *Graves v. People,* 18 Colo. 170, 32 P. 63 (1893); *see also* VI *J. Wigmore, Evidence* § 1750 at 202 (Chadbourn rev. ed. 1976); *C. McCormick, Evidence* § 297 at 704 (2d ed. E. Cleary 1972). Wigmore points up the basis in trustworthiness for the exception:

"Since this utterance is made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection, the utterance may be taken as particularly trustworthy (or at least as lacking the usual grounds of untrustworthiness), and thus as expressing the real tenor of the speakers' belief as to the facts just observed by him; and may therefore be received as testimony of those facts." VI *J. Wigmore, supra* § 1747 at p. 195.

Although there is no Colorado case called to our attention which specifically addresses the question whether a declarant's testimonial incapacity due to age vitiates the admission of that declarant's assertion under the *res gestae* exception, there is an abundance of authority from other jurisdictions extending the exception to assertions by children of tender years. *E.g., State v. Evans,* 104 Ariz. 434, 454 P.2d 976 (1969) (five-year-old

---

[1] Commonly included within the *res gestae* category are words or utterances which are not hearsay at all because they are not offered to prove the truth of the matter asserted. Examples include words which have independent legal significance, such as contractual terms, or a slander; words accompanying and explanatory of an act, traditionally referred to as a verbal act; and words used circumstantially as evidence of an inferred fact, such as words of notification to prove notice. *See* VI *J. Wigmore, Evidence* § 1746 (Chadbourn rev. ed. 1976); *C. McCormick, Evidence* § 288 at 686 (2d ed. E. Cleary 1972).

The statement at issue in this case, however, was clearly assertive and was offered to prove the truth of the matter asserted — *i.e.,* that the defendant sexually assaulted the declarant. This type of statement is categorized under *res gestae* as a spontaneous declaration or an excited utterance. VI *J. Wigmore, supra* at § 1747; *C. McCormick, supra* at § 297.

C.R.E. 803(1) and 803(2) define a spontaneous sense impression and an excited utterance. These rules, however, do not apply to this case because they were not in effect at the time of the defendant's trial. Our resolution of the evidential issue raised here is based on the law of evidence prior to the adoption of the Colorado Rules of Evidence.

declarant); *State v. Boodry,* 96 Ariz. 259, 394 P.2d 196 (1964), *cert. denied,* 379 U.S. 949, 85 S.Ct. 448, 13 L.Ed.2d 546 (1964) (five-year-old declarant); *Soto v. Territory,* 12 Ariz. 36, 94 P. 1104 (1908) (four-year-old declarant); *Territory v. Kinoshita,* 38 Haw. 335 (1949) (four-and-one-half-year-old declarant); *Logsdon v. Commonwealth,* 215 Ky. 707, 286 S.W. 1067 (1926) (three-year-old declarant); *State v. Gorman,* 229 Minn. 524, 40 N.W.2d 347 (1949) (four-year-old declarant); *Ball v. Gessner,* 185 Minn. 105, 240 N.W. 100 (1931) (three-year-old declarant); *State v. Simmons,* 52 N.J. 538, 247 A.2d 313 (1968), *cert. denied,* 395 U.S. 924, 89 S.Ct. 1779, 23 L.Ed.2d 241 (1969) (sixteen-year-old deaf-mute declarant with intellectual age of less than seven years); *State v. Godwin,* 51 N.M. 65, 178 P.2d 584 (1947) (three-year-old declarant); *New York, Chicago & St. Louis Railroad Co. v. Kovatch,* 120 Ohio St. 532, 166 N.E. 682 (1929) (declarant was an unidentified little girl at a railroad accident); *State v. Hutchison,* 222 Or. 533, 353 P.2d 1047 (1960) (five-year-old declarant); *Powell v. Gallivan,* 44 R.I. 453, 118 A. 769 (1922) (two-year-old declarant); *Kenney v. State,* 79 S.W. 817 (Tex. Crim. 1903) (three-and-one-half-year-old declarant); *Watkins v. State,* 78 Tex. Crim. 65, 180 S.W. 116 (1915) (four-year-old declarant).

We find these cases persuasive and reject the defendant's claim that the testimonial incapacity of the declarant due to her age renders her hearsay assertion inadmissible. The requirement of spontaneity and excitement subsumed by the *res gestae* exception furnishes a sufficient guarantee of trustworthiness implicit in the rationale of hearsay exceptions. *See generally,* Annot., 83 A.L.R.2d 1368 (1962) (declarant's age as affecting admissibility under *res gestae*); Annot., 157 A.L.R. 1359 (1945) (admissibility of hearsay declaration as affected by declarant's incompetency because of age or other reason); VI *J. Wigmore, supra* at § 1751(c); *C. McCormick, supra* at § 297; 2 *C. Torcia, Wharton's Criminal Evidence* § 297 (13th ed. 1972).

### B.

Similarly, the fact that the hearsay assertion by the young girl was made neither contemporaneously with the event nor immediately thereafter does not preclude its admissibility. While we have alluded to the importance of the temporal proximity of the statement to the event in a number of cases, *e.g., Gushurst v. Benham,* 160 Colo. 428, 417 P.2d 777 (1966); *Balltrip v. People,* 157 Colo. 108, 401 P.2d 259 (1965), we also have noted that contemporaneity of the act and the assertion is not required. *E.g., Abeyta v. Denver,* 132 Colo. 472, 289 P.2d 918 (1955); *Denver City Tramway v. Brumley,* 51 Colo. 251, 116 P. 1051 (1911); *New York and Colorado M.S. & Co. v. Rogers,* 11 Colo. 6, 16 P. 719 (1887).

What is of critical significance to *res gestae* is the spontaneous character of the statement and its natural effusion from a state of

excitement. "[T]his state of excitement may well continue to exist after the exciting fact has ended. The declaration, therefore, may be admissible even though *subsequent* to the occurence, *provided it is near enough in time to allow the assumption that the exciting influence continued.*" VI *J. Wigmore, supra,* § 1756 at 231.

██ Considerable latitude in temporal proximity is particularly evident in cases involving assertions by very young children after a stressful experience. *E.g. State v. Boodry, supra* (one-half-hour interval); *Soto v. Territory, supra* (one-and-one-half-hour interval); *Territory v. Kinoshita, supra* (two-and-one-half-hour interval); *Logsdon v. Commonwealth, supra* (statement by child upon returning home); *State v. Godwin, supra* (one-half-hour interval); *Watkins v. State, supra* (one-half-hour interval). This latitude is a recognition of the fact that children of tender years are generally not adept at reasoned reflection and at concoction of false stories under such circumstances. Contrary to defendant's assertion, the time interval of one-half-hour between the alleged assault and the hearsay declaration does not constitute an impediment to the admissibility of the statement.[2]

### C.

██ The defendant asserts that the application of the *res gestae* exception in this case violated his confrontation rights. The United States Supreme Court recently set forth the dual predicates necessary to satisfy constitutional confrontation:

"[W]hen a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed. 597 (1980).

The declarant in this case was unavailable as a witness due to her age. Section 13-90-106, C.R.S. 1973; *see generally Mancusi v. Stubbs,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972). And the requirement of spontaneity underlying the *res gestae* exception provides an adequate

---

[2] The foundation for the admission of the *res gestae* statement or excited utterance was less than ideal in this case. However, the defendant made no objection to the sufficiency of the foundation and does not question it here. His trial objections were that the *res gestae* exception does not apply to the contested assertion because of the declarant's age and the time interval between the alleged assault and the assertion, and because of the unavailability of the declarant for cross-examination. We note in passing that the proponent of evidence carries the burden of establishing preliminary facts essential to satisfy a particular hearsay-exception. *See, e.g., People v. Marlott,* 191 Colo. 304, 552 P.2d 491 (1976); *Bugarin v. People,* 181 Colo. 62, 507 P.2d 875 (1973); *Gushurst v. Benham, supra; Balltripp v. People, supra; Carney v. Pennsylvania Railroad Co.,* 428 Pa. 489, 240 A.2d 71 (1968); *Parking, Inc. v. Dalrymple,* 375 S.W.2d 758 (Tex. Ct. App. (1964); *see also* I *J. Wigmore, Evidence* § 18 at 347 (3d ed. 1940); Ladd, *Objections, Motions and Foundation Testimony,* 43 Cornell L.Q. 543 (1958).

proxy for the truth-exacting sanction of an oath. *See, e.g., Ohio v. Roberts, supra; Mancusi v. Stubbs, supra; Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *Mattox v. United States,* 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892). Under these circumstances we conclude that the admission of the hearsay assertion under the *res gestae* exception did not violate the confrontation rights of the defendant.

## II. THE COMPETENCY OF THE WITNESS

■ The defendant asserts that the trial court erred in permitting the seven-year-old brother of the victim to testify because the boy was "incapable of receiving just impressions of the facts", and was therefore incompetent under section 13-90-106, C.R.S. 1973. We disagree.

The court conducted an *in camera* hearing and questioned the witness about his understanding of the obligation to testify truthfully and his observations about the incident on September 3, 1977, and expressly determined that he was a competent witness. Although there was some confusion on the part of the witness as to the date of the incident, that confusion, by itself, does not add up to incompetency under the record of this case. We find no abuse of discretion in the trial court's determination of the witness' competency. *E.g., Marn v. People,* 175 Colo. 242, 486 P.2d 424 (1971); *Jordan v. People,* 161 Colo. 54, 419 P.2d 656 (1966); *Hood v. People,* 130 Colo. 531, 277 P.2d 223 (1954); *Wesner v. People,* 126 Colo. 400, 250 P.2d 124 (1952).

The judgment is affirmed.