The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Steven R. HISE, Defendant-Appellant.**

**No. 84CA1014.**

Colorado Court of Appeals, Div. II.

Nov. 13, 1986.

Rehearing Denied Jan. 15, 1987.

Certiorari Denied (Hise) June 8, 1987.

14

Norman S. Early, Jr., Dist. Atty., Nathan B. Coats, Chief Deputy Dist. Atty., Ferdinand L. Torres, Deputy Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., David Dansky, Deputy Dist. Atty., Denver, for plaintiff-appellee.

Eugene Deikman, P.C., Craig A. Murdock, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Steven Hise, appeals the judgments of conviction and the sentences entered on jury verdicts finding him guilty of two counts of sexual assault on a child. We affirm.

At the time of the incident in question, defendant was divorced from his wife, and their two sons, M., age 4, and L., age 3, were visiting him for the weekend. When their mother picked them up on Sunday, L. complained that his "bottom" had been hurt in a playground accident. The following day, their mother noticed that each of the boys had a red, sore-looking area around his anus. Upon inquiry, M., who initially said that he also had suffered a playground fall, related that his father had put a hammer handle "up his bottom." He later stated that his father's roommate had done the same thing to L. The incident was reported to authorities the following day.

### I.

Hise first argues that the admission, pursuant to § 13–25–129, C.R.S. (1986 Cum. Supp.), of statements made by the children violated his federal and state constitutional rights to confront the witnesses against him. We disagree.

Both the United States Supreme Court and the Colorado Supreme Court employ a two-step analysis in criminal cases when considering challenges to hearsay evidence based on the constitutional ground of lack of confrontation. Initially, the prosecution must either produce the hearsay declarant for cross-examination or, in most instances, demonstrate his unavailability. Secondly, in those instances when the unavailability of the witness is demonstrated, only hearsay bearing "sufficient indicia of reliability" is admissible. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *People v. Dement*, 661 P.2d 675 (Colo.1983). *But see United States v. Inadi*, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986) which holds that a specific showing of unavailability is not always required.

■ Since M. did testify and defendant exercised his right to confrontation through cross-examination of him, there was no constitutional deprivation as to this witness. *See People v. Galloway*, 726 P.2d 249 (Colo.App.1986).

As to both children, however, defendant argues that § 13–25–129, C.R.S., fails to meet the indicia-of-reliability prong of the test stated in *Ohio v. Roberts, supra*. We disagree. The statute requires that before a hearsay statement may be admitted, the court must conduct a hearing outside the presence of the jury to determine if the time, content, and circumstances of the statement provide sufficient safeguards of reliability and further requires that, if the child is not available as a witness, there must be corroborative evidence of the act which is the subject of the statement.

In this case, the trial court conducted the required hearing and found that L. had a speech problem and was very difficult to understand. Because of this and the fact that he made some "gross errors" in his testimony at the hearing, the court did not allow him to testify at trial. It found, however, that one of the things he did say clearly enough to understand was that his father had inserted a hammer "up his bottom."

The boys' allegations concerning the assault by their father were corroborated by medical evidence. Further, several people interviewed the boys, and their stories, especially M.'s, remained consistent as to the important events. Photographs of the room which showed its appearance, where items were located, and the presence of the hammer which the boys had described, provided further corroboration of their account of the assault. Also, the court noted that the statements were made by the boys shortly after the incident when they were most likely to be accurate. Lastly, the court found the fact that both of the children gave statements which would be harmful to their father and which they knew could affect whether they would see him again was supportive of the reliability of the statements.

■ These findings are supported by the record, and we agree with the trial court that the statements of L. had sufficient indicia of reliability to allow their admission without violating defendant's state and federal constitutional rights to confront the witnesses against him.

## II.

Defendant next argues that the court erred in failing to determine whether the two children were testimonially competent under § 13–90–106(1)(b)(II), C.R.S. (1986 Cum.Supp.) prior to deciding whether § 13–25–129 should apply.

We reject the claim that the court must first find the children competent before allowing their hearsay statements to be admitted under § 13–25–129. The standards of reliability required by that section furnish the sufficient guarantees of trustworthiness that are implicit in the rationale of all hearsay exceptions. *Cf. Lancaster v. People,* 200 Colo. 448, 615 P.2d 720 (1980).

Defendant further contends that M. should not have been allowed to testify since he was below the age of ten years.

Pursuant to § 13–90–106(1)(b)(I), C.R.S. (1986 Cum.Supp.), children under age ten are precluded from testifying only when they "appear incapable of receiving just impressions of the facts respecting which they are examined or of relating them truly." Section 13–90–106(1)(b)(II) provides, *inter alia,* that the proscription does not apply to children under age ten in a criminal proceeding for sexual assault when the child is able to describe or relate in language appropriate for his age the events or facts respecting which the child is examined.

The question of whether a child under age ten is competent to be a witness is left to the sound discretion of the trial court. The record supports the findings and determination of the court in this regard, and accordingly, that determination will not be disturbed on review. *People v. Lancaster, supra.*

## III.

Defendant next argues that the court improperly limited his cross-examination of a psychotherapist concerning conversations she had with M. and L. following the alleged assault.

The psychotherapist, on direct examination, testified to statements made by the children during counselling sessions. The court had previously ruled that these statements would be admissible under § 13–25–129. On cross-examination, defense counsel asked whether the boys had made any other statements which were inconsistent with these. The prosecutor objected, and the trial court sustained the objection on the basis that the question called for hearsay.

Defendant argues that, if the requisites of § 13–25–129 were satisfied as to the children, then any and all statements they made should be admitted. We agree that once a statement has been allowed into evidence under this hearsay exception, the proponent of the statement has "opened the door" to other statements made at the same time, under the same circumstances, and concerning the same event. Here, however, the prosecutor objected at the time of trial to the broad question on the basis that what the boys may have said in later sessions to the psychotherapist had not yet met the test of § 13–25–129 and had, therefore, not been shown to be reliable.

Because here defense counsel made no offer of proof as to what he intended to show, and made no attempt to pursue further this line of questioning, we cannot determine from the record in what way exclusion of the evidence was prejudicial. We therefore hold that the error, if any, in refusing to let the witness answer the question, was harmless. *See Rhodig v. Cummings,* 160 Colo. 499, 418 P.2d 521 (1966); *Garrison v. People,* 158 Colo. 348, 408 P.2d 60 (1965).

## IV.

Defendant next argues that the court improperly permitted evidence of the homosexuality of several witnesses and defendant to be introduced by the prosecution at trial since he asserts this evidence was irrelevant and extremely prejudicial to him.

This issue was first raised by defendant in a motion *in limine.* In response to that motion, the court ruled that the evidence would be admissible because it tended to show the closeness of the relationship of

the witnesses and defendant, and the possible bias arising therefrom, and tended to show that there may have been a sexually oriented motive for this unusual crime. The court, however, reserved ruling on how far it would allow the prosecution to go in the presentation of such evidence.

 We agree with the People's argument that, because of the indefiniteness of the court's ruling, it was necessary for defendant to object contemporaneously to this evidence when it was introduced at trial. *Cf. Uptain v. Huntington Lab, Inc.,* 723 P.2d 1322 (Colo.1986); *Higgs v. District Court,* 713 P.2d 840 (Colo., 1985); CRE 103; Crim.P. 52.

The evidence that was admitted on this subject either was not objected to or was offered by defense counsel himself. We therefore perceive no error in this regard.

## V.

Defendant next argues that the trial court erred by denying his motion for a new trial after the prosecutor allegedly deliberately displayed the victims in the hallway where they would be observed by the jurors during a recess.

Mistrial is the most drastic remedy for prejudicial conduct, and the grant or denial of a mistrial is within the sound discretion of the trial court. *Massey v. People,* 649 P.2d 1070 (Colo.1982).

 The trial court held a hearing pursuant to defendant's motion for a mistrial and found, on supporting evidence, that there was no communication between the child victims and the jury and that the jurors were not influenced in any way by seeing the young boys in the hall.

We, therefore, find no abuse of discretion in the trial court's denial of defendant's motion for a mistrial.

## VI.

Defendant's last argument is that since the prosecution acquiesced in the sentence originally imposed by the trial court, it waived the right to object later to any defects in the sentence. We disagree.

Defendant was convicted of two class 3 felonies, and at the time, the presumptive sentence range for a class 3 felony was four to eight years plus one year of parole. The trial court sentenced defendant to two concurrent terms of eight years in the Department of Corrections and suspended all but one year "flat time." This was an illegal sentence. *People v. White,* 679 P.2d 602 (Colo.1984). The prosecutor subsequently moved the court for correction of the sentence. The court granted the motion, vacated the prior sentence, and imposed a term of four years imprisonment.

 It is the prerogative of the General Assembly to define crimes and prescribe punishment, not the court's nor the district attorney's. A court may not impose a sentence that is contrary to the legislative mandate set forth in § 18–1–105, C.R.S., regardless of who agrees to it. *See People v. White, supra,* and *People v. District Court,* 673 P.2d 991 (Colo.1983). Thus, the acquiescence of the prosecutor in the original sentence is of no consequence.

Defendant's other contentions are without merit.

Accordingly, the judgments of conviction and the sentences imposed are affirmed.

VAN CISE and KELLY, JJ., concur.