**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Nathan Jerard DUNLAP, Defendant– Appellant.**

**No. 06CA2403.**

Colorado Court of Appeals, Div. III.

April 30, 2009.

Rehearing Denied July 2, 2009.

John W. Suthers, Attorney General, Clemmie Parker Engle, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Philip A. Cherner, Denver, Colorado; Michael J. Heher, Captain Cook, Hawaii, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Nathan Jerard Dunlap, appeals the sentence imposed on remand following reinstatement of his original convictions for two counts of second degree kidnapping and one count each of aggravated robbery and theft. Defendant asserts that his sentence, originally imposed in 1996 and reimposed in 2006, is illegal, because the sentencing court has never considered or fixed restitution. He further contends that the illegality of the sentence means that his conviction has never been final and that he may appeal anew his conviction and sentence despite the fact that his conviction was affirmed on direct appeal in 1998, and his request for collateral relief was finally resolved in 2005. He also asserts that he is entitled to application of decisions such as *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in pursuing a new appeal.

We agree that defendant's sentence is illegal to the extent it does not reflect consideration and fixing of restitution, and we remand with directions to the trial court to consider and fix restitution and amend the mittimus accordingly. However, we reject defendant's remaining assertions and conclude that the illegality of his sentence does not affect the finality of his conviction and the denial of relief on collateral review in this case.

Based on his November 1993 robbery of a restaurant, a jury convicted defendant of the noted charges and the trial court sentenced him to consecutive terms of thirty-five years for the class two felony of second degree kidnapping, twenty years for the class three felony of second degree kidnapping, and twenty years for aggravated robbery, and a concurrent six-year term for theft. Although the presentence report stated that $1,400 in restitution was due, the trial court did not mention restitution in imposing sentence. A division of this court affirmed the conviction on direct appeal, *People v. Dunlap,* (Colo. App. No. 96CA0329, Feb. 5, 1998) (not published pursuant to C.A.R. 35(f) )(*Dunlap I* ), and the supreme court denied certiorari.

In 1999, defendant filed a pro se Crim. P. 35(c) motion for postconviction relief. Following the filing of an amended motion by appointed counsel, the trial court granted part of the motion, reduced the felony classifications for the two kidnapping convictions, and resentenced defendant in 2001 to ten years of imprisonment on those counts. Both defendant and the prosecution appealed.

As relevant here, a division of this court concluded that the trial court had erred in reducing the felony classifications and sentences on the kidnapping convictions, and remanded the case to the trial court to reinstate defendant's original convictions and sentences on those counts and amend the mittimus accordingly. *People v. Dunlap,* 124 P.3d 780, 821 (Colo.App.2004) (*Dunlap II* ). In its opinion, the division also concluded that neither *Apprendi* nor *Blakely* applied to defendant's conviction because his conviction had already become final when the mandate in his original appeal issued in 1998, which was well before the date of announcement of the opinions in those cases. *Id.* The supreme court denied certiorari and this court issued its mandate on November 30, 2005.

While the case was pending in the trial court following remand for reinstatement of the original convictions and sentences, defendant asserted that the original sentence was illegal because the court had failed to determine restitution, and that any sentence the trial court might impose would be "at best, the first legal sentence imposed in this case, and an appealable order." In response, the prosecution asserted that at the time of sentencing, it did not request, and the court did not consider restitution because, given the applicable sentencing range and defendant's pending capital murder case, ordering restitution would have been an exercise in futility. Thus, the prosecution asked the court simply to correct the mittimus in accordance with the remand instructions and to find that no restitution should be imposed in this case.

Following a hearing, the trial court determined that this court's mandate specifically required it to correct the mittimus to reinstate defendant's original conviction and sentence, that such directive was the law of the case, and that it had no authority to consider defendant's other claims. Accordingly, the court reinstated the original convictions and sentences nunc pro tunc to the original sentencing date and amended the mittimus, but did not rule on any aspect of the restitution issue. Defendant now appeals.

## I. Jurisdiction to Address the Issues Presented

■ Defendant did not raise his claims in a postconviction motion under Crim. P. 35(a) in the trial court. Instead, he raised them in his "position statement" regarding resentencing in that court. However, on appeal the People do not oppose our resolution of the issues because they present questions of law. We further determine that precluding defendant from seeking relief based solely on the form of his filing would be contrary to the general policies underlying postconviction remedies, and would not serve the interests of finality and judicial economy. *See White v. Denver District Court,* 766 P.2d 632, 634 (Colo.1988) (a habeas corpus petition should be treated as a Crim. P. 35 motion based upon "the substantive constitutional issues raised therein, rather than [upon] the label

placed on the pleading" (quoting *Dodge v. People,* 178 Colo. 71, 73, 495 P.2d 213, 214 (1972)). Moreover, if we remanded without addressing these issues, defendant would likely simply recaption his position statement, cite Crim. P. 35(a), and seek the same relief. No evidentiary hearing would be necessary in that event. Accordingly, we may fully resolve the issues now and will address the merits of defendant's contentions.

## II. Consideration of Restitution in Sentencing

■ Crim. P. 35(a), which became effective in its present form on July 1, 2004, provides in pertinent part that "[t]he court may correct a sentence that was not authorized by law ... at any time." The parties here assert that the phrase "not authorized by law" means an illegal sentence, one that is "inconsistent with the statutory scheme outlined by the legislature." *See People v. Rockwell,* 125 P.3d 410, 414 (Colo.2005) (construing former Crim. P. 35(a), which then provided that "the court may correct an illegal sentence at any time"). We agree with that assertion. *See People v. Wenzinger,* 155 P.3d 415, 418 (Colo.App.2006) (amended version of Crim. P. 35(a) merely codifies case law defining "illegal sentence"); *but see People v. Barton,* 174 P.3d 786, 789 n. 3 (Colo. 2008) (expressing no opinion on the meaning of "not authorized by law" in Crim. P. 35(a)).

At the time of defendant's original sentencing, the law required the preparation of a presentence report in every felony case (other than a class 1 felony), and directed that the report contain information pertinent to restitution. That statute stated that "the amount of restitution shall be fixed by the court at the time of sentencing and shall be endorsed upon the mittimus." Ch. 175, sec. 1, § 16–11–102(4), 1984 Colo. Sess. Laws 652.

Courts construing this provision determined that the statute required a trial court to fix the amount of restitution for later imposition by the parole board, but that the court had no authority to order restitution as part of the sentence. *See People v. Powell,* 748 P.2d 1355, 1357 (Colo.App.1987). This interpretation was confirmed in 1989, when the supreme court decided *People v. John-*

son, 780 P.2d 504 (Colo.1989). *See People v. Fichtner,* 869 P.2d 539, 542 (Colo.1994).

In 1996, after the original sentence here was imposed, the General Assembly amended the statute to provide that the amount of restitution must be imposed by the court at the time of sentencing. Ch. 288, sec. 4, § 16–11–204.5(1), 1996 Colo. Sess. Laws 1778; *see People v. Apodaca,* 998 P.2d 25, 30–31 (Colo.App.1999). However, that provision is not applicable here.

In *People v. Smith,* 121 P.3d 243, 251 (Colo.App.2005), a division of this court held that every judgment of conviction must include an order concerning restitution as a mandatory part of the sentence, and that a sentence without such an order is illegal. It further noted that an illegal sentence can be corrected at any time through amendment of the mittimus.

■ Accordingly, restitution is part of a defendant's sentence, and if the trial court does not consider restitution when imposing the sentence, as required by statute, the sentence is illegal. *Id.*

■ Here, it is undisputed that at defendant's sentencing neither the prosecution nor defense counsel raised the issue of restitution, the trial court did not consider or fix restitution, and the original mittimus did not note the amount of restitution. Thus, because the court failed to consider and fix the amount of restitution as required by the statute, the original sentence was illegal. *See Delgado v. People,* 105 P.3d 634, 637 (Colo. 2005) (a sentence that is not in full compliance with the sentencing statutes is illegal). In addition, the court did not consider or fix the amount of restitution when it reimposed defendant's sentence in 2006. Hence, we must remand this case to the trial court for consideration and fixing of restitution under the statute that was applicable at the time defendant was originally sentenced. *See People v. Marlott,* 191 Colo. 304, 309, 552 P.2d 491, 494 (1976) (defendant must be sentenced under the law in effect at the time of the commission of the offense); *People v. Whitman,* 205 P.3d 371 (Colo.App.2007) (same).

## III. Finality

■ Having determined that defendant's original sentence is illegal, we next address how that illegality affects the finality of his conviction. Defendant contends that because his sentence was illegal, his conviction has never been final. Therefore, he asserts, this court did not have jurisdiction to consider and rule on either his direct appeal or his Crim. P. 35(c) appeal because those appeals were premature. From that premise he argues that, although *Blakely, Apprendi,* and *Crawford* were announced long after his initial conviction and sentencing occurred, the principles announced in those cases are applicable to his case because technically his direct appeal has never taken place. We disagree.

Defendant relies in part upon *Leyva v. People,* 184 P.3d 48, 49 (Colo.2008). There, the supreme court held that because the defendant's original sentence contained an illegal sentence on one count, the entire sentence was illegal and was therefore subject to correction. It further held that the judgment of conviction was subject to amendment, such that the judgment of conviction was not final or fully valid. However, the court reached that conclusion in considering the meaning of the term "conviction" contained in section 16–5–402(1), C.R.S.2008, which sets forth a three-year statute of limitations within which a defendant may seek collateral review of a conviction. Indeed, the court specifically stated that the question before it was "whether [the defendant's] collateral attack on his 1993 conviction, brought within three years of his resentencing, was properly brought within three years 'of said conviction' as that term is used in section 16–5–402(1)." 184 P.3d at 49–50. The court also stated that "[o]ur construction has no effect on matters such as the jurisdiction of appellate courts or the time limits for filing appeals, as those matters are controlled by different rules and statutes employing different standards." *Id.* at 50 n. 2. Because of the specific limitations set forth in the *Leyva* opinion and the context in which that case arose, we conclude it is not applicable to defendant's sentence.

Defendant also relies upon *People v. Rosales,* 134 P.3d 429, 431–32 (Colo.App.2005). There, a division of this court concluded that a judgment of conviction is not final until sentence is imposed, that restitution is a mandatory part of a sentence, and that sentencing is not final until restitution is ordered. It further held that, because the judgment there was not final until the court ordered a specific amount of restitution, the trial court retained jurisdiction to enter an order of restitution and therefore the defendant's appeal in that case was premature.

We conclude that *Rosales* is distinguishable as well. There, the defect in the sentence—failure to include restitution—was discovered and addressed before the conclusion of defendant's direct appeal. *People v. Smith,* 121 P.3d at 251, is distinguishable for the same reason.

■ We conclude that, in circumstances in which a defendant has already directly appealed his conviction and lost, and has likewise failed to obtain postconviction relief upon application to the trial court and review by an appellate court, his claim that an illegal sentence has been imposed because of a failure to consider or fix restitution does not affect the finality of his judgment of conviction. Thus, he may neither appeal anew from his original conviction or the denial of his postconviction motion, nor may he seek the application of cases that were announced after the conclusion of his direct appeal. We so conclude for a number of reasons.

■ First, Crim. P. 35(a) provides that a court "*may* correct a sentence that was not authorized by law ... at any time." The use of the word "may" in the rule "indicates that courts are free to apply reasonable and prudential limitations on the correction of illegal sentences." *United States v. Woods,* 986 F.2d 669, 675 (3d Cir.1993) (interpreting previous version of Fed.R.Crim.P. 35 that "a court may correct an illegal sentence at any time") (citing *United States v. Henry,* 709 F.2d 298, 314 n. 23 (5th Cir.1983)). Because our legal system has a strong interest in the finality of adjudication, *see People v. Rodriguez,* 914 P.2d 230, 249 (Colo.1996), we conclude that a prudential limitation disallowing a new direct appeal as well as disallowing a new appeal of the order denying collateral relief is appropriate here.

Second, Crim. P. 35(a) deals with motions to correct illegal *sentences.* This portion of the rule allows a defendant only to challenge the legality of the sentence, not the conviction. *Woods,* 986 F.2d at 676. Indeed, cases have pointed out that there is a significant difference between a true illegal sentence claim under Crim. P. 35(a) that the sentence is inconsistent with the statutory scheme, and the assertion of a claim that a sentence was imposed in violation of the constitution, which can involve a claim that the conviction itself is defective. *See Wenzinger,* 155 P.3d at 418; *see also Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) ("[T]he narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."). Because defendant would seek to attack his conviction, not just his sentence, we decline to allow a new appeal, which would effectively open his entire case to relitigation, contrary to finality principles.

Third, because no time requirement limits jurisdiction under Crim. P. 35(a), "courts have invoked [it] only to correct 'fundamental' errors." *United States v. Katzin,* 824 F.2d 234, 241 (3d Cir.1987) (citing *Hill,* 368 U.S. at 428, 82 S.Ct. 468 (habeas corpus jurisdiction appropriate only to correct "a fundamental defect which inherently results in a complete miscarriage of justice")). The trial court's failure to fix the amount of restitution does not, in our view, rise to the level of a fundamental error that results in a miscarriage of justice *to defendant.*

Finally, the general remedy that flows from a sentence that is illegal because restitution is not fixed is correction of the sentence and amendment of the mittimus. *See Rosales,* 134 P.3d at 435. That remedy is available here, but defendant's request for an expanded remedy of a new direct appeal, a new appeal from the denial of his petition for collateral relief, and the application of new constitutional holdings, if granted, would literally expand every successful illegal sen-

tence claim to allow further litigation of already settled issues. We decline to grant that expansion.

 This conclusion is also consistent with the principles applicable in determining whether a new rule of constitutional law applies retroactively. In such a determination, convictions in state courts are considered final when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed. *Edwards v. People*, 129 P.3d 977, 983 (Colo.2006); *People v. McAfee*, 160 P.3d 277, 281 (Colo.App.2007) (finality for purposes of retroactivity means a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari has been finally denied).

Here, defendant's conviction was affirmed by a division of this court in 1998, *see Dunlap I*, and in that same year, the supreme court denied certiorari and the mandate issued. Thereafter, defendant filed a postconviction motion pursuant to Crim. P. 35 in 1999. Although the trial court partially granted defendant's postconviction motion by reducing the felony classification for his kidnapping convictions and corresponding sentences, a division of this court reversed the trial court's order, directed the trial court to reinstate the original convictions and sentences, and found that *Blakely* and *Apprendi* did not apply to defendant's conviction. *See Dunlap II*, 124 P.3d at 821.

Accordingly, under *Edwards*, 129 P.3d at 983, defendant's conviction was final in 1999 for purposes of determining whether a new rule of constitutional law applies to his conviction. Thus, we will not disturb the conclusion of the division in *Dunlap II* regarding the application of *Blakely* and *Apprendi* to defendant's conviction.

The sentence is reversed to the extent it lacks consideration and fixing of restitution and is affirmed in all other respects. The case is remanded to the trial court to consider restitution, to enter an order fixing the amount, and to amend the mittimus to so reflect.

Judge LOEB and Judge CRISWELL * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.